CAZ HASHEMI, State Bar No. 210239
STEPHEN B. STRAIN, State Bar No. 291572
BETTY CHANG ROWE, State Bar No. 214068
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: chashemi@wsgr.com
        sstrain@wsgr.com
        browe@wsgr.com

Attorneys for Defendants
Seagate Technology Holdings plc,
William D. Mosley, and Gianluca Romano

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Seagate Technology Holdings plc, Securities Litigation* ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 3:23-cv-03431-RFL **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** Hearing Date: March 4, 2025 Time: 10:00 a.m. Courtroom: 15 – 18th Floor Honorable Rita F. Lin |

DEFS.' REQ. FOR JUDICIAL NOT. & NOT. OF
INCORP. ISO MOT. TO DISMISS AM. COMPLT;
CASE NO. 3:23-CV-03431-RFL

Defendants Seagate Technology Holdings plc, William D. Mosley, and Gianluca Romano ("Defendants") hereby respectfully request that the Court consider certain documents incorporated by reference in Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint" or "¶") and judicially notice certain documents submitted in support of Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint ("Motion to Dismiss"). True and correct copies of the documents described herein are attached as exhibits ("Ex.") to the Declaration of Betty C. Rowe.

**ARGUMENT**

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Consistent with this directive, Defendants submit for the Court's consideration certain of Seagate's filings with the Securities and Exchange Commission ("SEC"), excerpts from four earnings and investor call transcripts, two accounting rules, and certain government records, namely a U.S. Senate Committee report, a regulatory rule, order and settlement, and a posting on a regulatory agency's web site.  Not only are most of these documents incorporated by reference into the Amended Complaint, they also are properly subject to judicial notice. Consideration of documents under both doctrines is appropriate at the motion to dismiss stage.

**I.    THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT**

The Ninth Circuit has reaffirmed that on a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015) ("We may consider materials incorporated into the complaint") (citation omitted).

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see In re Nektar Therapeutics Sec. Litig.*, 2020 WL 3962004, at *7 (N.D. Cal. Jul. 13, 2020) (same). The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference). The doctrine is "designed to prevent artful pleading by plaintiffs." *Orexigen*, 899 F.3d at 1003. In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id.* at 1002; *Nektar*, 2020 WL 3962004, at *7 ("prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims").

The Court generally "may assume an incorporated document's contents are true for purposes of a motion to dismiss[.]" *Orexigen*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1057-58 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents") (citation omitted). And, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Biotechnology Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1201 (N.D. Cal. 2013) (refusing to find scienter based on a "central allegation" that was contradicted by an email incorporated by reference); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true plaintiffs' allegations that were contradicted by conference call transcript).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases, transcripts of earning calls and investor conferences, blog posts, agency reports, and analyst reports. *Orexigen*, 899 F.3d at 1003-07 (district court properly

considered analyst report, blog posts, internet and other articles, agency report and registration statement under incorporation by reference doctrine); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *6-7 (N.D. Cal. Nov. 28, 2021) (considering transcripts of earnings and investor conferences, SEC filings, news articles, an Executive Order, and analyst report under incorporation by reference doctrine); *In re Cloudera, Inc. Sec. Litig.*, 2021 WL 2115303, at *4, *8 (N.D. Cal. May 25, 2021) (complaint incorporated earnings and conference calls); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (considering press releases, earnings call transcripts, SEC filings under incorporation by reference doctrine); *Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls").

Defendants therefore request that the Court consider the following documents, which the Amended Complaint cites or necessarily relies on, and which form the basis of Plaintiffs' claims:

| | |
|---|---|
| Exhibit 1 | Excerpts from Seagate's Form 10-K for the fiscal year ended July 2, 2021, filed with the SEC on August 6, 2021, and cited in the Amended Complaint at ¶¶ 154, 185, 186, 187, 189, 190, 194, 198. |
| Exhibit 2 | Excerpts from Seagate's Form 10-K for the fiscal year ended July 1, 2022, filed with the SEC on August 5, 2022, and cited in the Amended Complaint at ¶¶ 201, 202, 203. |
| Exhibit 4 | Excerpts from the FactSet CallStreet's Transcript of Seagate's Q2 2021 Earnings Conference Call on January 21, 2021, and cited in the Amended Complaint at ¶¶ 54, 175, 224, 225. |
| Exhibit 5 | Excerpts from the FactSet CallStreet's Transcript of Seagate's Q1 2021 Earnings Conference Call on October 22, 2020, and cited in the Amended Complaint at ¶¶ 51, 170, 215, 216, 217, 221. |
| Exhibit 6 | The Foreign Direct Product Rule, 85 Fed. Reg. 51596 (August 2020), and cited in the Amended Complaint. *See*, *e.g.*, ¶¶ 1, 3, 4, 6, 8, 9, 37, 38, 39, 41-51, 53, 58, 59, 66, 67, 70, 71, 72, 73, 76-79, 81-85, 90, 94, 96, 102, 104, 106, 107, 109. |
| Exhibit 7 | Excerpts from Seagate's Form 10-K for the fiscal year ended July 3, 2020, filed with the SEC on August 10, 2020, and cited in the Amended Complaint at ¶¶ 172, 177, 181. |
| Exhibit 8 | U.S. Senate Committee on Commerce, Science, & Transportation, Committee Investigation Report by Commerce Committee Minority Staff, *Huawei's Access to Hard Disk Drives in America: An Investigation into Seagate Technology* (October 2021), and cited in the Amended Complaint at ¶¶ 52, 61, 80, 100, 102, 103, 110, 144, 188. |

| | |
|---|---|
| Exhibit 9 | Excerpts from Seagate's Form 10-Q for the quarter ended December 31, 2021 (Q2 2022), filed with the SEC on January 27, 2022, and cited in the Amended Complaint at ¶¶ 193, 195, 196. |
| Exhibit 10 | Seagate's Press Release, attached as Exhibit 99.1 to Seagate's Form 8-K, filed with the SEC on October 22, 2021, and cited in the Amended Complaint at ¶¶ 241, 242. |
| Exhibit 11 | Excerpts from Seagate's Form 10-Q for the quarter ended April 1, 2022 (Q3 2022), filed with the SEC on April 28, 2022, and cited in the Amended Complaint at ¶¶ 197, 199, 200. |
| Exhibit 13 | Seagate's Form 8-K, filed with the SEC on October 26, 2022, and cited in the Amended Complaint at ¶¶ 8, 122, 204, 266. |
| Exhibit 14 | Excerpts from Seagate's Form 10-Q for the quarter ended September 30, 2022 (Q1 2022), filed with the SEC on October 27, 2022, and cited in the Amended Complaint at ¶¶ 206, 207, 208. |
| Exhibit 15 | Excerpts from Seagate's Form 10-Q for the quarter ended December 30, 2022 (Q2 2023), filed with the SEC on January 25, 2023, and cited in the Amended Complaint at ¶¶ 209, 210, 211. |
| Exhibit 16 | Bureau of Industry and Security Order and Settlement, dated April 2023, and cited in the Amended Complaint at ¶¶ 46, 48, 49, 67, 71, 72, 88, 126, 129, 134, 160, 161, 268. |
| Exhibit 18 | Financial Accounting Standards Board, Accounting Standards Codification, ASC 280-10-50-42, and cited in the Amended Complaint at ¶¶ 54 n.6, 152, 219. |
| Exhibit 19 | Article by William Ciconte, *et al.*, "*Does the midpoint of range earnings forecasts represent managers' expectations?*" (Feb. 2013), and cited in the Amended Complaint at ¶ 107 n.8. |
| Exhibit 20 | Article by Laura Waxmann, "*Seagate Technology offers up Fremont R&D campus for sale in leaseback deal,*" San Francisco Business Times (Nov. 9, 2022), and cited in the Amended Complaint at ¶ 163. |
| Exhibit 21 | Excerpts of Item 101 of Regulation S-K, and cited in the Amended Complaint at ¶¶ 153, 155. |
| Exhibit 22 | Article by King and Wu, "*Huawei Building Secret Chip Plants in China to Bypass US Sanctions, Group Warns,*" Bloomberg Law (Aug. 23, 2023), and cited in the Amended Complaint at ¶ 103. |
| Exhibit 23 | Excerpts from the transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, and cited in the Amended Complaint at ¶¶ 7, 112, 261, 262. |

In addition to being incorporated into the Amended Complaint, each of these exhibits is properly subject to judicial notice as shown below.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF SEAGATE'S SEC FILINGS AND CONFERENCE CALL TRANSCRIPTS, GOVERNMENT RECORDS, AND CERTAIN ACCOUNTING RULES

Pursuant to Federal Rule of Evidence 201, courts take judicial notice of information "not subject to reasonable dispute." *Orexigen*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). Facts are not subject to reasonable dispute if they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Orexigen*, 899 F.3d at 999. The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012); *see Orexigen*, 899 F.3d at 999 ("a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citation omitted).

***SEC Filings*.** Courts routinely take judicial notice of filings with the SEC in the context of motions to dismiss. *See, e.g., Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court's judicial notice of "a number of Corinthian's SEC filings . . . was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on review of a Rule 12(b)(6) dismissal, court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4-5 (N.D. Cal. Jul. 21, 2020) (taking judicial notice of 10-Qs and 8-Ks filed with SEC); *Wanca v. Super Micro Computer, Inc*., 2018 WL 3145649, at *4 (N.D. Cal. June 27, 2018) (taking judicial notice of SEC filings from 2014 and 2015). "Judicial notice is appropriate for SEC filings . . . as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *In re Network Assocs., Inc. II Sec. Litig.* 2003 WL 24051280, at *1 n.3 (N.D. Cal. Mar. 25, 2003) (quoting Fed. R. Evid. 201(b)); *see Pivotal*, 2020 WL 4193384, at *5 (similar). When taking judicial notice, "[a] court must also consider – and identify – which fact or facts it is noticing[.]" *Orexigen*, 899 F.3d at 999.

Here, Seagate's Forms 10-K for FY 2020, 2021, 2022 and 2023, certain Forms 10-Q for FY 2021 through FY 2023, and Forms 8-K are public records filed with the SEC. The excerpts show Seagate's specific disclosures relating to the Company, its financial results, and the risks associated with Seagate's compliance with laws and regulations that were made to the market. *See Wanca*, 2018 WL 3145649, at \*4 (taking judicial notice of "the fact the [SEC filings] impart particular information"). That Seagate made these disclosures is not subject to reasonable dispute, and can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned (*i.e.*, filings with the SEC). Fed. R. Evid. 201(b). Accordingly, Defendants request that the Court take judicial notice of the following SEC filings by Seagate:

| | |
|---|---|
| Exhibit 1 | Excerpts from Seagate's Form 10-K for the fiscal year ended July 2, 2021, filed with the SEC on August 6, 2021. |
| Exhibit 2 | Excerpts from Seagate's Form 10-K for the fiscal year ended July 1, 2022, filed with the SEC on August 5, 2022. |
| Exhibit 3 | Excerpts from Seagate's Form 10-K for the fiscal year ended June 30, 2023, filed with the SEC on August 4, 2023. |
| Exhibit 7 | Excerpts from Seagate's Form 10-K for the fiscal year ended July 3, 2020, filed with the SEC on August 10, 2020. |
| Exhibit 9 | Excerpts from Seagate's Form 10-Q for the quarter ended December 31, 2021 (Q2 2022). |
| Exhibit 10 | Seagate's Press Release, attached as Exhibit 99.1 to Seagate's Form 8-K, filed with the SEC on October 22, 2021. |
| Exhibit 11 | Excerpts from Seagate's Form 10-Q for the quarter ended April 1, 2022 (Q3 2022), filed with the SEC on April 28, 2022. |
| Exhibit 12 | Seagate's Press Release, attached as Exhibit 99.1 to Seagate's Form 8-K, filed with the SEC on January 26, 2022. |
| Exhibit 13 | Seagate's Form 8-K, filed with the SEC on October 26, 2022. |
| Exhibit 14 | Excerpts from Seagate's Form 10-Q for the quarter ended September 30, 2022 (Q1 2022), filed with the SEC on October 27, 2022. |
| Exhibit 15 | Excerpts from Seagate's Form 10-Q for the quarter ended December 30, 2022 (Q2 2023), filed with the SEC on January 25, 2023. |

*See, e.g.*, *Pivotal*, 2020 WL 4193384, at \*5 (taking judicial notice of Forms 10-Q and 8-K that were not cited in the complaint because "the SEC filings are publicly-filed documents whose accuracy cannot reasonably be questioned"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at \*7 (N.D. Cal.

Mar. 29, 2019) (taking judicial notice of Form 10-K that was not mentioned in the complaint "since SEC filings are routinely subject to judicial notice").

*Conference Call Transcripts.* In addition, courts take judicial notice of earnings and investor conference call transcripts for the purpose of determining what was disclosed to investors. *See*, *e.g.*, *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2-3 (N.D. Cal. Mar. 23, 2020), *aff'd*, 848 F. App'x 278 (9th Cir. 2021) (taking judicial notice of conference call transcripts); *Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of transcripts of conference calls); *Fadia v. FireEye, Inc.*, 2016 WL 6679806, at *3 (N.D. Cal. Nov. 14, 2016) (taking judicial notice of transcripts from earnings calls).

Accordingly, Defendants request that the Court take judicial notice of the following transcripts of Seagate's earnings calls and investor conferences:

| Exhibit 4 | Excerpts from the FactSet CallStreet's Transcript of Seagate's Q2 2021 Earnings Conference Call on January 21, 2021. |
| --- | --- |
| Exhibit 5 | Excerpts from the FactSet CallStreet's Transcript of Seagate's Q1 2021 Earnings Conference Call on October 22, 2020. |
| Exhibit 23 | Excerpts from the transcript of the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022. |

*Government Records.* "Courts may take judicial notice of some public records, including the 'records and reports of administrative bodies.'" *Ritchie*, 342 F.3d at 909 (citation omitted); *see Bryant v. Carleson*, 444 F.2d 353, 357-58 (9th Cir. 1971) (taking judicial notice of orders and decisions by administrative agencies); *Fastly*, 2021 WL 5494249, at *7 (taking judicial notice of excerpts of a report issued by the Committee on Foreign Investment in the United States to Congress); *Peruta v. County of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) ("The Court can properly take judicial notice of the documents appearing on a governmental website"); *Seely v. Cumberland Packing Corp.*, 2010 WL 5300923, at *7, n.5 (N.D. Cal. Dec. 20, 2010) (taking judicial notice of statistics published on the website of the Administrative Office of the Courts); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (taking judicial notice of two documents that appeared on the Secretary of State's website; "information on government agency websites" "have often been treated as proper subjects for judicial notice.").

Accordingly, Defendants request that the Court take judicial notice of the following documents from governmental and administrative bodies:

Exhibit 6        The Foreign Direct Product Rule, 85 Fed. Reg. 51596 (August 2020).

Exhibit 8        U.S. Senate Committee on Commerce, Science, & Transportation, Committee Investigation Report by Commerce Committee Minority Staff, *Huawei's Access to Hard Disk Drives in America: An Investigation into Seagate Technology* (October 2021).

Exhibit 16       Bureau of Industry and Security Order and Settlement, dated April 2023.

Exhibit 17       Bureau of Industry and Security website posting, Foreign-Produced Direct Product (RDP) Rule as it Relates to the Entity List (December 2020), available at https://web.archive.org/web/20201221144255/https://www.bis.doc.gov/index.php/documents/about-bis/2681-2020-fpdp2-faq-120820-ea/file

***Accounting Rules.*** "'Judicial notice is appropriate for accounting rules as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at \*2 n.2 (N.D. Cal. Aug. 10, 2012), *aff 'd*, 611 F. App'x 387 (9th Cir. 2015) (quoting *In re Asyst Techs., Inc. Deriv. Litig.*, 2008 WL 2169021, at \*1 n.1 (N.D. Cal. May 23, 2008)).  Courts, therefore, regularly take judicial notice of published accounting standards.  *See, e.g.*, *Backe v. Novatel Wireless, Inc.*, 642 F. Supp. 2d 1169, 1178-79 (S.D. Cal. 2009) (taking judicial notice of accounting standards related to audit procedures for internal control); *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 561 n.18 (N.D. Cal. 2009) (taking judicial notice of FASB documents because they are "publicly available from the FASB's website"); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) (taking judicial notice of excerpts from the Statement of Financial Accounting Standards).

Accordingly, Defendants request that the Court take judicial notice of the following published accounting rules:

Exhibit 18       Financial Accounting Standards Board, Accounting Standards Codification (ASC) 280-10-50-39 and ASC 280-10-50-42.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and notice the above-referenced documents in connection with their Motion to Dismiss.

Dated: October 28, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Betty Chang Rowe*
      Betty Chang Rowe

*Attorneys for Defendants Seagate Technology Holdings plc, William D. Mosley, and Gianluca Romano*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Caz Hashemi, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: October 28, 2024

*/s/ Caz Hashemi*
      Caz Hashemi