# Exhibit E

MARIA CANTWELL, WASHINGTON, CHAIR

AMY KLOBUCHAR, MINNESOTA
RICHARD BLUMENTHAL, CONNECTICUT
BRIAN SCHATZ, HAWAII
EDWARD MARKEY, MASSACHUSETTS
GARY PETERS, MICHIGAN
TAMMY BALDWIN, WISCONSIN
TAMMY DUCKWORTH, ILLINOIS
JON TESTER, MONTANA
KYRSTEN SINEMA, ARIZONA
JACKY ROSEN, NEVADA
BEN RAY LUJAN, NEW MEXICO
JOHN HICKENLOOPER, COLORADO
RAPHAEL WARNOCK, GEORGIA

ROGER WICKER, MISSISSIPPI
JOHN THUNE, SOUTH DAKOTA
ROY BLUNT, MISSOURI
TED CRUZ, TEXAS
DEB FISCHER, NEBRASKA
JERRY MORAN, KANSAS
DAN SULLIVAN, ALASKA
MARSHA BLACKBURN, TENNESSEE
TODD YOUNG, INDIANA
MIKE LEE, UTAH
RON JOHNSON, WISCONSIN
SHELLEY MOORE CAPITO, WEST VIRGINIA
RICK SCOTT, FLORIDA
CYNTHIA LUMMIS, WYOMING

DAVID STRICKLAND, MAJORITY STAFF DIRECTOR
JOHN KEAST, REPUBLICAN STAFF DIRECTOR

# United States Senate

COMMITTEE ON COMMERCE, SCIENCE,
AND TRANSPORTATION

WASHINGTON, DC 20510–6125

WEBSITE: https://commerce.senate.gov

May 10, 2021

Mr. Hitoshi Otsuka
Toshiba America Electronic Components, Inc.
5231 California Avenue
Irvine, CA 92617

Mr. Dave Mosley
Seagate Technology
10200 S. De Anza Blvd.
Cupertino, CA 95014

Mr. David Goeckeler
Western Digital Corporation
5601 Great Oaks Parkway
San Jose, CA 95119

Dear Chief Executive Officers:

Combatting the threats to national security posed by China requires the steadfast attention of the Department of Commerce as well as earnest compliance with Federal regulations by companies in the private sector. As part of ongoing oversight of the Department's implementation of the Bureau of Industry and Security (BIS) Final Rule targeted at restricting Huawei and its affiliates from accessing foreign-produced semiconductors resulting from U.S. technologies, I am engaging in a fact-finding process as a precursor to a Committee investigation about whether leading global suppliers of hard disk drives (HDDs) are complying with this rule.

In August 2020, the Department of Commerce issued a Final Rule further restricting access by Huawei to U.S. technologies by adding additional non-US affiliates of Huawei to the Entity List, removing the Temporary General License for Huawei and replacing it with a more limited authorization, and expanding the scope of Foreign Direct Product Rule to tighten Huawei's ability to procure items that are the direct product of specified U.S. technology or software, such as hard disk drives.[1]

It is my understanding that foreign-made products resulting from U.S. technology or software now require a license when there is knowledge that items will be incorporated into, or will be used in the "production" or "development" of, any part, component or equipment produced, purchased, or ordered by Huawei and its affiliates. The Export Administration Regulation, for example, covers U.S. semiconductor design, production, and testing of software and equipment used worldwide at

---

[1] Addition of Huawei Non-U.S. Affiliates to the Entity List, the Removal of Temporary General License, and Amendments to General Prohibition Three (Foreign-Produced Direct Product Rule), 85 FR 51596 (Aug. 20, 2020).

all stages of the supply chain manufacturing or incorporating semiconductor products into other items destined to Huawei companies.

In addition, the BIS noted that the Final Rule is not limited to semiconductors, acknowledging that products incorporating semiconductors are also covered. HDDs contain semiconductor parts, including DRAM and controllers, and it is my understanding that manufacturers of these components ceased shipment of products to Huawei and its affiliates following the rule's implementation. This suggests some consensus about the scope of the August 2020 amendments.

As part of this oversight effort, I request responses to the following questions by conducting due diligence about your company's compliance with this Final Rule:

1. Does your company believe that the Final Rule prohibits shipment of hard disk drives to Huawei or any affiliate without a license? Please explain.

2. Has your company continued shipping hard disk drives that are the direct products of technology or software subject to the EAR in question to Huawei or any affiliate after September 14, 2020? If yes, please explain.

3. Has your company submitted a licensure application to ship covered products to Huawei or any affiliate after September 14, 2020? If yes, please also explain the status of your application.

4. Does your company incorporate semiconductor products into its hard disk drives that the supplier knows or should know would then be incorporated into hard disk drives for subsequent shipment to Huawei or any affiliate?

Please provide this information to Chief of Investigations Robert Turner at Robert_Turner@commerce.senate.gov by the close of business on May 21, 2021. Likewise, I encourage the Department to take deliberate and robust action against any company found to be circumventing any part of it—especially considering the serious harm that Huawei poses to American security interests.

Sincerely,

Roger F. Wicker
Ranking Member
Commerce, Science, and Transportation Committee

CC:    The Honorable Secretary Gina Raimondo
U.S. Department of Commerce