UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Rita F. Lin, District Judge

IN RE: SEAGATE TECHNOLOGY          )
    HOLDINGS PLC SECURITIES        )
    LITIGATION                     )   No. C 23-03431-RFL
                                   )
                                   )
_____)

                                        San Francisco, California
                                        Wednesday, June 25, 2025

   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 10:17 - 10:33 = 16 MINUTES

APPEARANCES:

For Plaintiffs:
                            Bernstein Litowitz Berger &
                              Grossmann, LLP
                            1251 6th Avenue, 44th Floor
                            New York, New York 10020
                        BY:  AASIYA F.M. GLOVER, ESQ.
                            JAMES A. HARROD, ESQ.

                            Motley Rice, LLC
                            28 Bridgeside Boulevard
                            Mt. Pleasant, South Carolina
                              29464
                        BY:  CHRISTOPHER F. MORIARTY, ESQ.
                            WILLIAM S. NORTON, ESQ.

For Defendants:
                            Wilson Sonsini Goodrich Rosati
                            Litigation
                            650 Page Mill Road
                            Palo Alto, California 94304
                        BY:  STEPHEN B. STRAIN, ESQ.


            (APPEARANCES CONTINUED ON NEXT PAGE)

2

Transcribed by:                    Echo Reporting, Inc.
                                   Contracted Court Reporter/
                                   Transcriber
                                   echoreporting@yahoo.com

3

Wednesday, June 25, 2025                                    10:17 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling civil case 23-3431, In re Seagate Technology Holdings PLC Securities Litigation.

Counsel, please state your appearances for the record, beginning with the Plaintiffs.

MS. GLOVER (via Zoom):  My name is Aasiya Mirza Glover from Bernstein Litowitz for the Plaintiffs.

MR. HARROD (via Zoom):  James Harrod, also from Bernstein Litowitz for the Plaintiffs.  Good morning, your Honor.

MR. NORTON (via Zoom):  William Norton, Motley Rice, LLC, for the Plaintiff.

MR. MORIARTY (via Zoom):  Good morning, your Honor.  Christopher Moriarty from Motley Rice as well.  And I believe one of my colleagues, Josh Littlejohn, might be joining remotely.

MR. STRAIN (via Zoom):  Good morning, your Honor. Stephen Strain, Wilson Sonsini, on behalf of Defendants.

THE COURT:  Good morning to all of you.

I have reviewed your case management statement, which I appreciate.  My feeling is that the schedule should be -- maybe you're not surprised by this, somewhere between what the two parties have proposed.  Let me run through my

proposal, and then I'll give you an opportunity to comment. And I will say generally that I thought it made sense, given the nature of the case and the back and forth that I saw in the case management statement, to set some of the intermediate discovery deadlines that Plaintiffs have proposed, but I'm also open to hearing if Defendant believes that adjustments need to be made to those deadlines.

So I would set deadline to meet and confer about search terms as July 7th and the deadline to agree on the search terms for the key custodians on July 28th.  Last date to amend pleadings is August 22nd.  Production of documents from the agreed upon key custodians, September 19th. Deadline to initial -- to exchange initial privilege logs, October 17th.  Substantial completion of rolling document production, November 14th.  Motion for class certification and expert disclosures in support of that motion would be December 16th.  The opposition and rebuttal expert disclosures would be due February 10th.  The reply, March 3rd.  And the hearing on the motion for class certification would be March 24th.  I would then set a case management conference after the class cert order, and you all should expect fact discovery to end around 60 days after the class cert order comes out.  I just want you all to be prepared for a quick close to fact discovery in all likelihood.  Is there something unusual that you think I should know about?

5

We could talk about that at the case management conference, but please be prepared for that possibility.

I saw the parties' request for referral to private mediation. I think that makes sense. I will refer the case to that. I'm setting the early private mediation deadline as November 7th, 2025, and joint letter about who your mediator is and what date you've picked for the mediation is due September 10th.

Open to hearing from the parties if there's any questions or comments on the proposed schedule. I'll start with Plaintiffs.

MS. GLOVER: Looking at -- for the most part, we're -- the schedule makes sense -- makes sense to us. I'm just sort of thinking about the deadline for the class certification reply. So the class certification reply is March 3rd. Is that correct?

THE COURT: Yes.

MS. GLOVER: And that would be -- so it's a little bit less than a month after the opposition. And I think just for us, that would be a little bit too soon, because, typically, we would sort of receive their opposition and then be participating in expert discovery and deposition. So we might sort of suggest that being pushed out just a little bit farther.

THE COURT: I could push it out another two weeks.

6

Would that -- I think that that might make more sense.  So then we would be at a class cert reply on March 17th, and then the hearing would be --

THE CLERK:  April 7th or 14th.

THE COURT:  Yeah, April 7th should work. Actually, I think we need to do it -- April 14th would be better.  Why don't I push it out to April 14th, in which case I could also -- let's just leave it.  So March 17th, and then hearing on April 14th.

MS. GLOVER:  Thank you, your Honor.

THE COURT:  And then let me give Defendant an opportunity to comment or ask any questions.

MR. STRAIN:  One question, your Honor, was with respect to the substantial completion deadline that you were entering.  Is that for all document discovery, or is that just for this first phase of key documents referenced by Plaintiffs?

THE COURT:  I was thinking substantial completion of rolling document production pertinent to class certification issues, so that the parties can prepare all their class cert materials.  Let me know if you have thoughts about that.

MR. STRAIN:  That makes sense to me on our end. Obviously, you saw in the case management conference one of the items that's sort of at issue here is what the scope of

7

discovery is going to be and, you know, whether it's straightforward or not. And I just note that it seems like the signal has been that the, you know, Plaintiffs are suggesting a fair amount of depositions. We've got initial disclosures with 20 plus Seagate current and former employees, many third parties. So I just want to make -- be mindful of making sure that the schedule affords sufficient time for Defendants to be able to produce documents in response to that, especially since we're at the beginning and we don't even really know what the RFPs are going to be in scope and whatnot. But in terms of the initial substantial completion deadline, if that's relating to class certification, I think that makes sense on our end.

THE COURT: Just checking in with Plaintiffs on that.

MS. GLOVER: But I think we would ask for the substantial completion of documents to be related to all documents. I mean, I think one of the things that we had considered is just the need to have a deadline generally on the schedule for production of documents from Defendants. One of the things that we've thought about is that the nature of this case, really both parties can meet the deadlines that we propose, and I would be happy to provide some sort of schedules in this district where -- that are sort of similar to the ones that we have proposed that, for

8

example, also track the production of early reproduction of documents similar to the deadline that we set.

THE COURT:  One question I have for you then is, do you -- is there a population of documents you see as not being relevant to class certification but would be relevant to the merits of the case?  It seems to me that there would be a lot of overlap between those, and so it would be hard to imagine you all being able to effectively brief predominance, or really predominance, without having most of the materials you need for the merits anyway.  But if there's a category that you think is large that would be left out by this, I'm open to hearing about that, and we can discuss it further.

MS. GLOVER:  So that makes a lot of sense to us, then.  I mean, I think, from our perspective, we are -- we completely agree with the point that you just made, that because of the nature of securities fraud class actions, there are so many overlaps between the merits and the class certification stage, so we -- that was sort of why we set up the schedule that we did, in the hopes that the vast majority of document production would be complete in advance of the final briefing of class certification for the reasons you point out.

THE COURT:  Well, let's set the schedule.  If it turns out to be a problem and discovery is much bigger than

the parties anticipate or it ends up being more of an issue, we can readdress it, but let's set the schedule for now, and we can revisit it if we need to.

MR. STRAIN:  Your Honor, may I just say one more thing on that?  I just want --

THE COURT:  You may.

MR. STRAIN:  -- to be clear that, you know, looking at the schedules that the Court has put in place in other actions, and we cited the Alphabet schedule, that that, in our view, basically contemplates an end of fact discovery somewhere around -- you know, if applied to our case, in or around mid-2026.  And here, you know, the Plaintiffs have pointed out to some key custodial documents that they're interested in, prior productions, et cetera, but having a substantial completion deadline on documents where we've got 23, you know, identified custodians by Plaintiffs in their initial disclosures, the other items that they've noted in their footnote relating to the scope of discovery, the key documents, prior documents, et cetera, that just doesn't seem consistent with the substantial completion dates that are entered in other cases. Obviously, we will proceed with producing documents as the case goes on, but it just doesn't seem consistent with basically what Plaintiffs are signaling that they want for merits discovery.

10

THE COURT:  It's hard for me to address this in the abstract, but, in general, it does seem to me that the case is of a nature that doesn't seem like it would require the lengthy discovery period that I have ordered in some of the other cases where it's a complex issue about how the technology works or how -- more intricate details.  This is really, as I see it, a case about whether Seagate knew it was violating the law or not, which is a much more narrow issue.  And I can understand that as an issue that involves a lot of individuals and a lot of documents from specific individuals, but is less complex, in some senses, to figure out who the -- who's on the witness list and who discovery needs to be obtained from, and therefore seems to me like it should be something that could be done in the, you know, basically six-month period that we -- or five to six-month period, if it's just a matter of getting the documents and deposing the people who made the decisions.  But if it ends up being more complex than that, like I said, I'm open to revisiting it.  Let's set the schedule for now.  I understand the concern that Defendant raises, but I think it makes sense in this instance.

I think I already covered the mediation issue.  Is there anything else the parties believe we need to cover this morning?

MS. GLOVER:  No.

THE COURT:  And I'll start with Plaintiff.

MS. GLOVER:  Not for Plaintiffs.  Thank you.

THE COURT:  And Defendants?

MR. MORIARTY:  Your Honor -- I'm sorry, your Honor.  This is Christopher Moriarty, Motley Rice.

I just wanted to pick up on an issue you raised about Seagate's knowledge.  And I think one issue we're going to have in this case is whether the Defendants are relying on an advice of counsel defense, i.e., did their lawyers bless what they did?  Now we reviewed their answer that they filed earlier this week, and they say they -- you know, they have a good faith defense in there, but no mention of advice of counsel.  So I think this is going to be a key point that we need to get out in front of early on, of whether or not Defendants are relying on advice of counsel.

THE COURT:  I understand the point, and you should use discovery to get out in front of that and move promptly to compel if you don't agree with Defendants' responses.

MR. MORIARTY:  Just suggesting is they tell us one way or another early on if they are or not.

THE COURT:  You need to get that response from them in discovery --

MR. MORIARTY:  Okay.

THE COURT:  -- not in the case management conference.

12

Let me give Defendant an opportunity to raise anything else.

MR. STRAIN:  Yes, your Honor.  On the schedule, a couple other items I just would like to discuss quickly. One is, on the deadline to meet and confer regarding search terms and agree on search terms, could we move that out, you know, six weeks -- four to six weeks?  We don't even have RFPs yet in this case, so it's a little bit pressured for us to be able to have to go and identify all the documents and agree on search terms so early in the case.  And the same -- I would make the same request with respect to the privilege log, if we could push that out by a six-week period or so, given the Court's schedule.

THE COURT:  -- pushing out the meet and confer on search terms a bit.  I don't see the need to push out the privilege -- it seems -- my thought would be to push out the search terms a week or two, so you all can have a little more time to talk about it.  I've realized July 7th is very close.  But I'm not inclined to push it out six weeks.  I think that's going to create a problem for the rest of the schedule.  And the privilege issues are obviously very important, so my thought is that we need to have those front loaded as much as possible.  But I'm open to pushing out the meet and confer on search terms.  Actually, let's just push that out by two weeks each, so July 21st for the deadline to

13

meet and confer on search terms.  And then the deadline to agree, I'm just going to push that out one week to August 4th.

MR. STRAIN:  And, your Honor, sorry, if we're going to push those out, could we push out the production deadline correspondingly?

THE COURT:  Oh, right, I could push that out another week to September 26.

Great.  Thank you all.  Be well.

MR. HARROD:  Thank you, your Honor.

MR. MORIARTY:  Thank you.

MR. NORTON:  Thank you Your Honor.

MR. STRAIN:  Thank you.

(Proceedings adjourned at 10:33 a.m.)

14

CERTIFICATE OF TRANSCRIBER


     I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

     I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

                    Echo Reporting, Inc., Transcriber

                         Saturday, July 5, 2025

*Echo Reporting, Inc.*