CAZ HASHEMI, State Bar No. 210239
STEPHEN B. STRAIN, State Bar No. 291572
WILSON SONSINI GOODRICH & ROSATI, P.C.
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:        chashemi@wsgr.com
              sstrain@wsgr.com

JOHN I. KARIN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email:      jkarin@wsgr.com

*Attorneys for Defendants
Seagate Technology Holdings plc,
William D. Mosley, and Gianluca Romano*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Seagate Technology Holdings plc, Securities Litigation* ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 23-cv-03431-RFL<br><br>CLASS ACTION<br><br>DEFENDANTS' AMENDED ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS |

DEFENDANTS' AMENDED ANSWER
CASE NO. 23-cv-03431-RFL

Defendants Seagate Technology Holdings plc ("Seagate" or the "Company), William D. Mosley, and Gianluca Romano (collectively, "Defendants"), through their undersigned counsel, hereby answer the Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"), ECF No. 100, filed in the above-captioned action on September 12, 2024 by Lead Plaintiffs Public Employees' Retirement System of Mississippi, Arkansas Public Employees' Retirement System, Universal-Investment-Gesellschaft mbH, Universal-Investment-Luxembourg S.A., and UI BVK Kapitalverwaltungsgesellschaft mbH (collectively, "Plaintiffs").

This Court's Order dated May 12, 2025 ("May 12, 2025 Order") granted in part and denied in part Defendants' motion to dismiss the Complaint.  ECF No. 113.  To the extent the allegations in the Complaint concern claims or allegations that were dismissed by the May 12, 2025 Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation.

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Defendants respond generally that the partial and/or pejorative phrases used in the headings do not constitute factual averments, and thus the headings are not included herein.  To the extent a response is necessary, Defendants deny each and every heading and sub-heading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint, including, without limitation, any allegations in the unnumbered paragraphs on page 1 of the Complaint, footnotes, and/or the prayer for relief.  Defendants further answer the numbered paragraphs in the Complaint as follows:

1.     The allegations in Paragraph 1 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 1 purports to characterize and quote portions of the Foreign Direct Product Rule ("FDPR"), 85 Fed. Reg. 51596, dated August 20, 2020.  The FDPR speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented

DEFENDANTS' AMENDED ANSWER            -1-
CASE NO. 23-cv-03431-RFL

with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR. Defendants admit that Seagate sold certain hard disk drives ("HDDs") to Huawei during the putative Class Period. Defendants lack knowledge and information sufficient to form a belief as to whether Huawei is "the largest supplier of telecommunications equipment in the world," and on this basis, deny this allegation. Defendants lack knowledge and information sufficient to form a belief as to the "report[s]" by unspecified "news media, academics, and industry experts," and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that Paragraph 2 purports to characterize "Seagate's competitors['] . . . announce[ments]." These alleged announcements speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged announcements. To the extent that the allegations in Paragraph 2 concern claims with respect to Statement 1, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 2 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation. Defendants further admit that Paragraph 2 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Bank of America Global Technology Conference on June 8, 2021. The statement made during the June 8, 2021 presentation speaks for itself and Defendants refer to the June 8, 2021 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the June 8, 2021 presentation. Defendants further admit that Paragraph 2 purports to characterize and quote a statement made by

DEFENDANTS' AMENDED ANSWER         -2-
CASE NO. 23-cv-03431-RFL

Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020. The statement made during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call. Defendants further admit that Paragraph 2 purports to characterize and quote a statement made by Dr. Mosley during the Q4 2021 earnings conference call on July 21, 2021. The statement made during the July 21, 2021 earnings conference call speaks for itself and Defendants refer to the July 21, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2021 earnings conference call. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 2 and footnote 1.

3.     The allegations in Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 3 purports to characterize and quote portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR. Defendants admit that Paragraph 3 purports to characterize and quote portions of the Bureau of Industry and Security Order and Settlement, dated April 19, 2023 ("BIS Settlement"). The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with italics, and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Defendants admit that Paragraph 3 purports to characterize "warnings, including from suppliers, competitors, and [Seagate's] law firms." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs'

DEFENDANTS' AMENDED ANSWER          -3-
CASE NO. 23-cv-03431-RFL

characterization of those alleged warnings. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 3.

4. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit. Defendants admit that Paragraph 4 purports to characterize and quote portions of a Strategic Cooperation Agreement, dated December 7, 2020 (the "Strategic Cooperation Agreement") and a Long-Term Agreement, dated March 29, 2021 (the "Long-Term Agreement"). The Strategic Cooperation Agreement and Long-Term Agreement speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Strategic Cooperation Agreement and Long-Term Agreement. Defendants lack knowledge and information sufficient to form a belief as to when Seagate's "competitors suspended all HDD shipments to Huawei," and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 5 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020. The statement made in the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2020 earnings conference call. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that during the putative Class Period, the U.S. Senate Committee on Commerce, Science & Transportation ("Senate Commerce Committee") investigated HDD manufacturers' compliance with restrictions on exports to Huawei. Defendants admit that Seagate

DEFENDANTS' AMENDED ANSWER          -4-
CASE NO. 23-cv-03431-RFL

sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that Paragraph 7 purports to characterize and quote a statement made by Dr. Mosley during the interview at the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022.  The statement made during the March 8, 2022 interview speaks for itself and Defendants refer to the March 8, 2022 interview for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the March 8, 2022 interview.  Defendants further admit that Paragraph 7 purports to characterize portions of Seagate's press release for its financial results for Q4 2022.  The Q4 2022 press release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Seagate's stock price decreased by $9.52 per share on March 8, 2022 and decreased by $6.78 per share on July 22, 2022. Defendants further admit that Paragraph 7 purports to characterize and quote a statement made by Dr. Mosley during the Q4 2022 earnings conference call on July 21, 2022.  The statement made during the July 21, 2022 earnings conference call speaks for itself and Defendants refer to the July 21, 2022 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the July 21, 2022 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that Paragraph 8 purports to characterize portions of Seagate's Form 8-K filed on October 26, 2022.  The October 26, 2022 8-K speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants further admit that Paragraph 8 purports to characterize statements made by Mr. Romano during the Q1 2023 earnings conference call on October 26, 2022.  The statements made during the October 26, 2022 earnings conference call speak for themselves and Defendants refer to the October 26, 2022 earnings conference call for its complete

contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Seagate's stock price decreased by $4.61 per share on October 26, 2022. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 8.

9.     Defendants admit that Paragraph 9 purports to characterize portions of the BIS Settlement and portions of the BIS press release announcing the BIS Settlement, dated April 19, 2023 ("BIS Press Release"). The BIS Settlement and BIS Press Release speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Seagate's stock price decreased by $5.78 per share on April 20, 2023. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that on March 7, 2022, Seagate's common stock closed at a price of $100.09 per share and on April 20, 2023, Seagate's common stock closed at a price of $57.08 per share. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny that Seagate's common stock price was artificially inflated during the putative Class Period and that Plaintiffs suffered damages as a result of any alleged violations of the securities laws alleged in the Complaint. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and on this basis, deny them.

12.     The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny that Seagate's common stock price was artificially inflated during the putative Class Period and that Plaintiffs suffered damages as a result of any alleged violations of the securities laws alleged in the Complaint. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on this basis, deny them.

DEFENDANTS' AMENDED ANSWER          -6-
CASE NO. 23-cv-03431-RFL

13.    The allegations in Paragraph 13 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny that Seagate's common stock price was artificially inflated during the putative Class Period and that Plaintiffs suffered damages as a result of any alleged violations of the securities laws alleged in the Complaint.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on this basis, deny them.

14.    Defendants admit that Seagate is incorporated in Ireland, with its ~~operational headquarters and~~ principal ~~place of business in Fremont, California~~executive office located in Singapore.  Defendants further admit that Seagate common stock trades on the NASDAQ stock exchange under the ticker symbol "STX."  Defendants further admit that as of August 10, 2020, Seagate had more than 257 million shares of common stock outstanding.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 14.

15.    Defendants admit that Dr. Mosley is, and was throughout the putative Class Period, Seagate's Chief Executive Officer ("CEO") and a Director of the Company.  Defendants admit that prior to his role as CEO, Dr. Mosley served as President and Chief Operating Officer ("COO") of Seagate.  Defendants further admit that Mosley served as Seagate's President of Operations and Technology, held several Research and Development ("R&D") leadership roles at the Company, and holds a PhD in Physics from the University of California, Davis.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 15.

16.    Defendants admit that Mr. Romano is, and was throughout the putative Class Period, the Chief Financial Officer ("CFO") of Seagate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 16.

17.    Defendants admit that Plaintiffs purport to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 17.

18.    Defendants admit that this Court has jurisdiction over this action.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 18.

DEFENDANTS' AMENDED ANSWER         -7-
CASE NO. 23-cv-03431-RFL

19.    Defendants admit that venue is proper in the Northern District of California and that throughout the putative Class Period, Seagate's principal executive offices were located in this District.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Seagate's common stock trades on the NASDAQ stock exchange.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 20.

21.    Defendants admit that Seagate is a provider of data storage technology.  Defendants admit that Paragraph 21 purports to characterize and quote portions of Seagate's SEC filings.  The SEC filings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the SEC filings.  Defendants further admit that HDDs are devices that store digitally encoded data on rapidly rotating disks with magnetic surfaces.  Defendants further admit that HDDs are used by businesses managing their own enterprise data storage solutions, hyperscale data centers, and cloud storage providers.  Defendants admit that Paragraph 21 purports to characterize unspecified "analysts['] estimate[s]."  These alleged estimates speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged estimates.  Defendants lack knowledge and information sufficient to form a belief as to whether "HDDs are the primary medium for mass data storage in the world," and on this basis, deny this allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 21.

22.    Defendants admit that Paragraph 22 purports to characterize portions of Seagate's financial statements.  These financial statements speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those financial statements.  Defendants lack knowledge and information sufficient to form a belief as to whether the "Company's share of the HDD market was roughly 40% at the start of the Class Period; its primary competitors were Western Digital, with 40% of the market, and Toshiba, with roughly

DEFENDANTS' AMENDED ANSWER                -8-
CASE NO. 23-cv-03431-RFL

20%," and on this basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 22.

23. Defendants admit that Paragraph 23 purports to characterize and quote portions of the Northland Initiating Coverage report, dated September 15, 2020. The September 15, 2020 Northland report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the September 15, 2020 Northland report. Defendants lack knowledge and information sufficient to form a belief as to whether Seagate stated that its "focus [is] for sure on the hard disk space" due to Plaintiffs' failure to source the alleged quotation, and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 23.

24. Defendants admit that Paragraph 24 purports to characterize and quote statements made by Dr. Mosley during the Q4 2020 earnings conference call on July 28, 2020. The statements made in the July 28, 2020 earnings conference call speak for themselves and Defendants refer to the July 28, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 28, 2020 earnings conference call. Defendants further admit that Paragraph 24 purports to characterize and quote portions of Seagate's press release for its financial results for Q4 2020. The Q4 2020 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q4 2020 press release. Defendants admit that Seagate reports financial results on a fiscal year basis, with. Defendants admit that the fourth quarter ending at theof Seagate's 2020-2023 fiscal years ended at the end of June or beginning of July, rather than on a calendar basis. Defendants further admit that Paragraph 24 purports to characterize and quote statements made by Dr. Mosley during the presentation at the Citi Global Technology Conference on September 8, 2020. The statements made in the September 8, 2020 presentation speak for themselves and Defendants refer to the September 8,

DEFENDANTS' AMENDED ANSWER          -9-
CASE NO. 23-cv-03431-RFL

2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the September 8, 2020 presentation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 24 and footnote 2.

25. Defendants admit that Paragraph 25 purports to characterize and quote portions of the September 15, 2020 Northland report. The September 15, 2020 Northland report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the September 15, 2020 Northland report. Defendants further admit that Paragraph 25 purports to characterize and quote portions of the Morningstar Equity Analyst Report, dated June 12, 2020. The June 12, 2020 Morningstar report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the June 12, 2020 Morningstar report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 25.

26. Defendants admit that Paragraph 26 purports to characterize and quote portions of the Fitch Rating Action Commentary, dated December 2, 2020. The December 2, 2020 Fitch commentary speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the December 2, 2020 Fitch commentary. Defendants further admit that Paragraph 26 purports to characterize and quote portions of the Zacks Research Report, dated September 1, 2020. The September 1, 2020 Zacks report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the September 1, 2020 Zacks report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 26.

27. Defendants admit that in August 2020, the U.S. Department of Commerce (the "DOC") imposed new export restrictions. Defendants lack knowledge and information sufficient

DEFENDANTS' AMENDED ANSWER        -10-
CASE NO. 23-cv-03431-RFL

to form a belief as to whether Huawei is "one of the storage industry's most lucrative customers" and "the largest telecommunications supplier in the world," and on this basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 27.

28. Defendants admit that in August 2020, the DOC, through BIS, promulgated new export control regulations. Defendants admit that Paragraph 28 purports to characterize the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the FDPR. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 28.

29. Defendants admit that BIS is an agency of the DOC. Defendants further admit that Paragraph 29 purports to characterize and quote portions of the BIS Guiding Principles webpage. The Guiding Principles webpage speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made on the Guiding Principles webpage. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 29.

30. Defendants admit that BIS implements and enforces the Export Administration Regulations ("EAR"). Defendants admit that Paragraph 30 purports to characterize the EAR. The EAR speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of the EAR. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 30.

31. Defendants admit that BIS first published the Entity List in February 1997. Defendants admit that Paragraph 31 purports to characterize the Entity List. The Entity List speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the Entity List. Defendants further admit that Paragraph 31 purports to characterize and quote portions of the BIS Lists of Parties of Concern webpage. The Lists of Parties of Concern webpage speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made on the Lists of Parties of

DEFENDANTS' AMENDED ANSWER          -11-
CASE NO. 23-cv-03431-RFL

Concern webpage.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 31.

32.    Defendants admit that Paragraph 32 purports to characterize and quote portions of the DOC's Addition of Entities to the Entity List, 84 Fed. Reg. 22961, dated May 21, 2019 ("May 21, 2019 Addition of Entities").  The May 21, 2019 Addition of Entities speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the May 21, 2019 Addition of Entities to the Entity List. Defendants further admit that Paragraph 32 purports to characterize and quote portions of the Superseding Indictment in *United States v. Huawei Technologies Co., Ltd.*, dated February 13, 2020.  The Superseding Indictment speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Superseding Indictment.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 32.

33.    Defendants admit that Paragraph 33 purports to characterize "Meng['s]. . . deferred prosecution agreement" and other public records.  The alleged deferred prosecution agreement and public records speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of the alleged deferred prosecution agreement and other public records.  Defendants lack knowledge and information sufficient to form a belief as to the "report[s]" by unspecified "news outlets," and on this basis, deny this allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 33.

34.    Defendants lack knowledge and information sufficient to form a belief as to the "report[s]" of unspecified "[n]ews media, academics, and industry experts" and on this basis, deny this allegation.  Defendants admit that Paragraph 34 purports to characterize portions of Bojan Pancevski's *Wall Street Journal* article, dated February 12, 2020.  The February 12, 2020 Pancevski article speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants further admit that

DEFENDANTS' AMENDED ANSWER          -12-
CASE NO. 23-cv-03431-RFL

Paragraph 34 purports to characterize portions of Henry Jackson Society's report, dated May 16, 2019.  The May 16, 2019 Henry Jackson Society report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 34 purports to characterize and quote portions of Norman Pearlstine's *Los Angeles Times* article, dated April 10, 2019.  The April 10, 2019 Pearlstine article speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 10, 2019 Pearlstine article.  Defendants lack knowledge and information sufficient to form a belief as to whether Jerome Cohen stated, "[t]he Party is embedded in Huawei and controls it" due to Plaintiffs' failure to source the alleged quotation, and on this basis, deny this allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 34.

35.    Defendants lack knowledge and information sufficient to form a belief as to the "report[s]" of unspecified "government officials, academics, and other experts," and on this basis, deny this allegation.  Defendants admit that Paragraph 35 purports to characterize and quote portions of Chuin-Wei Yap's *Wall Street Journal* article, dated December 25, 2019.  The December 25, 2019 Yap article speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the December 25, 2019 Yap article.  Defendants admit that Paragraph 35 purports to characterize "[a] European Commission investigation."  The alleged investigation speaks for itself and Defendants refer to it for its complete contents.  Defendants deny Plaintiffs' characterization of the alleged investigation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 35.

36.    Defendants admit that Paragraph 36 purports to characterize the Entity List.  The Entity List speaks for itself and Defendants refer to it for its complete contents.  Defendants deny Plaintiffs' characterization of the Entity List.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 36.

DEFENDANTS' AMENDED ANSWER        -13-
CASE NO. 23-cv-03431-RFL

37.    Defendants admit that Paragraph 37 purports to characterize and quote portions of the FDPR interim final rule, 85 Fed. Reg. 29849, dated May 19, 2020.  The interim final rule speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the interim final rule.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 37.

38.    Defendants admit that Paragraph 38 purports to characterize and quote portions of the final version of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the FDPR.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 38 and footnote 3.

39.    Defendants admit that Paragraph 39 purports to characterize and quote portions of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 39.

40.    Defendants admit that Paragraph 40 purports to characterize and quote portions of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 40.

41.    Defendants admit that Paragraph 41 purports to characterize and quote portions of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of

the statements purportedly made in the FDPR.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 41.

42.    Defendants admit that Paragraph 42 purports to characterize and quote portions of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR.  Defendants admit that Paragraph 42 may purport to characterize and quote portions of the BIS Know Your Customer Guidance, 15 C.F.R., Part 732, Supplement No. 3.  The Know Your Customer Guidance speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Know Your Customer Guidance.  Defendants admit that Paragraph 42 purports to characterize portions of an unspecified "certification Seagate itself required its Chinese customers to sign."  The alleged certification speaks for itself and Defendants refer to it for its complete contents.  Defendants deny Plaintiffs' characterization of the alleged certification.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 42.

43.    Defendants admit that Paragraph 43 may purport to characterize and quote portions of the Know Your Customer Guidance.  The Know Your Customer Guidance speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Know Your Customer Guidance.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 43.

44.    Defendants admit that Paragraph 44 purports to characterize and quote portions of a Wilson Sonsini Goodrich & Rosati, PC ("WSGR") client alert, dated August 18, 2020.  The August 18, 2020 WSGR client alert speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs'

DEFENDANTS' AMENDED ANSWER        -15-
CASE NO. 23-cv-03431-RFL

characterization of the statements purportedly made in the August 18, 2020 WSGR client alert. Defendants admit that Paragraph 44 purports to characterize portions of Seagate's 2021 communications to the SEC. These communications speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those communications. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 44 and footnote 4.

45. Defendants admit that Paragraph 45 purports to characterize and quote portions of the August 18, 2020 WSGR client alert. The August 18, 2020 WSGR client alert speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 18, 2020 WSGR client alert. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 45.

46. Defendants admit that Paragraph 46 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 46 purports to characterize and quote portions of a Covington & Burling LLP ("Covington") client alert, dated August 19, 2020. The August 19, 2020 Covington client alert speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 19, 2020 Covington client alert. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 46.

47. Defendants admit that Paragraph 47 purports to characterize and quote portions of an undated alleged report attributed to "Susquehanna analysts." The alleged report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization

of the statements purportedly made in the alleged report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 47.

48.    The allegations in Paragraph 48 and footnote 5 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Seagate did not submit a public comment regarding the FDPR with BIS during the FDPR's public comment period of May 19, 2020 to July 14, 2020.  Defendants further admit that Paragraph 48 purports to characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 48 and footnote 5.

49.    Defendants admit that Paragraph 49 purports to characterize and quote portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement.  Defendants admit that Paragraph 49 purports to characterize and quote portions of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR.  Defendants admit that Paragraph 49 purports to characterize "the additional guidance available to Seagate from BIS and its own law firms."  The alleged additional guidance speaks for itself and Defendants refer to it for its complete contents.  Defendants deny Plaintiffs' characterization of the alleged additional guidance.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 consist entirely of legal conclusions to which no response is required.  To the extent that a response is necessary, Defendants deny the allegations in Paragraph 50.

DEFENDANTS' AMENDED ANSWER          -17-
CASE NO. 23-cv-03431-RFL

51.     To the extent that the allegations in Paragraph 51 concern claims with respect to Statement 1, which were dismissed by the May 12, 2025 Order, no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 51 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020.  The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation. Defendants admit that Paragraph 51 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020.  The statements made in the October 22, 2020 earnings conference call speak for themselves and Defendants refer to the October 22, 2020 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2020 earnings conference call.  Defendants further admit that Paragraph 51 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Bank of America Global Technology Conference on June 8, 2021.  The statement made during the June 8, 2021 presentation speaks for itself and Defendants refer to the June 8, 2021 presentation for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the June 8, 2021 presentation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 51.

52.     Defendants admit that Paragraph 52 purports to characterize and quote portions of Dan Strumpf's *Wall Street Journal* article, dated October 27, 2021.  The October 27, 2021 Strumpf article speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny

Plaintiffs' characterization of the statements purportedly made in the October 27, 2021 Strumpf article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 52.

53. To the extent Paragraph 53 concerns claims with respect to Statement 13, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 53 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation. Defendants admit that Paragraph 53 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020. The statements made in the October 22, 2020 earnings conference call speak for themselves and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2020 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 53.

54. Defendants admit that Paragraph 54 purports to characterize and quote statements made by Dr. Mosley during the Q2 2021 earnings conference call on January 21, 2021. The statements made in the January 21, 2021 earnings conference call speak for themselves and Defendants refer to the January 21, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 21, 2021 earnings conference call. Defendants further admit that Paragraph 54 purports to characterize and quote statements made by Dr. Mosley during the Q3 2021 earnings conference call on April 22, 2021. The statements made in the April 22, 2021 earnings conference call speak for themselves

and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the April 22, 2021 earnings conference call. Defendants admit that Paragraph 54 purports to characterize and quote statements made by Dr. Mosley during the Q4 2021 earnings conference call on July 21, 2021. The statements made in the July 21, 2021 earnings conference call speak for themselves and Defendants refer to the July 21, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2021 earnings conference call. Defendants admit that Paragraph 54 purports to characterize and quote statements made by Dr. Mosley during the Q1 2022 earnings conference call on October 22, 2021. The statements made in the October 22, 2021 earnings conference call speak for themselves and Defendants refer to the October 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2021 earnings conference call. Defendants further admit that Paragraph 54 and footnote 6 purport to characterize and quote portions of ASC 280-10-50. ASC 280-10-50 speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the ASC 280-10-50. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 54 and footnote 6.

55. Defendants admit that Paragraph 55 purports to characterize and quote portions of the Deutsche Bank Research Report, dated September 14, 2020. The September 14, 2020 Deutsche report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny

DEFENDANTS' AMENDED ANSWER        -20-
CASE NO. 23-cv-03431-RFL

Plaintiffs' characterization of the statements purportedly made in the September 14, 2020 Deutsche report. Defendants further admit that Paragraph 55 purports to characterize and quote portions of the Fox Advisors Earnings Preview Report, dated October 19, 2020. The October 19, 2020 Fox Advisors report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 19, 2020 Fox Advisors report. Defendants admit that Paragraph 55 purports to characterize and quote portions of the Wedbush Company Report, dated October 14, 2020. The October 14, 2020 Wedbush report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 14, 2020 Wedbush report. Defendants further admit that Paragraph 55 purports to characterize and quote portions of the Wells Fargo Equity Research Report, dated March 18, 2021. The March 18, 2021 Wells Fargo report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the March 18, 2021 Wells Fargo report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 55.

56.    Defendants admit that Paragraph 56 purports to characterize and quote portions of the UBS Global Research Report, dated January 21, 2021. The January 21, 2021 UBS report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the January 21, 2021 UBS report. Defendants further admit that Paragraph 56 purports to characterize portions of the Deutsche Bank Research Report, dated January 21, 2021, the Wells Fargo Equity Research Report, dated January 21, 2021, and the Goldman Sachs Equity Research Report, dated January 22, 2021. The January 21, 2021 Deutsche report, January 21, 2021 Wells Fargo report, and January 22, 2021 Goldman Sachs report speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that

Paragraph 56 purports to characterize and quote portions of an undated alleged "Morgan Stanley report[]." The alleged report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the alleged report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 56.

57. Defendants admit that on September 14, 2020, Seagate's common stock closed at a price of $47.65 per share and on March 8, 2022, Seagate's common stock closed at a price of $90.57 per share. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 57.

58. Defendants admit that Paragraph 58 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 58.

59. Defendants admit that Paragraph 59 purports to characterize "warnings" from Seagate's "outside law firm alerts, suppliers of restricted technologies, and competitors." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 59 may purport to characterize Seagate's and Western Digital's SEC filings during the putative Class Period. The SEC filings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of the SEC filings. Defendants admit that on September 14, 2020, Seagate's common stock closed at a price of $47.65 per share and on April 20, 2023, Seagate's common stock closed at a price of $57.08 per share. Defendants admit that on September 14, 2020, Western Digital's common stock closed at a price of $29.43 per share and on April 20, 2023, Western Digital's common stock closed at a price

of $25.19 per share. Defendants further admit that Paragraph 59 purports to characterize and quote portions of the UBS Global Research Report, dated October 27, 2022. The October 27, 2022 UBS report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2022 UBS report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 59.

60.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants lack knowledge and information sufficient to form a belief as to whether BIS brought "14 enforcement actions . . . against corporate entities" in "the two years prior to the start of the Class Period," and on this basis, deny this allegation. Defendants lack knowledge and information sufficient to form a belief as to whether the "average monetary penalty" of these alleged enforcement actions was "just over $2.3 million," and on this basis, deny this allegation. Defendants lack knowledge and information sufficient to form a belief as to whether "by the start of the Class Period, BIS brought just 16 enforcement actions based on export violations," and on this basis, deny this allegation. Defendants lack knowledge and information sufficient to form a belief as to whether "in 2020, only 4 [enforcement actions based on export violations] were brought against corporate entities," and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 60.

61.    Defendants admit that Paragraph 61 purports to characterize and quote portions of the U.S. House Committee on Foreign Affairs 90-Day Review Report, dated December 7, 2023 ("Foreign Affairs Committee Report"). The Foreign Affairs Committee Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Foreign Affairs Committee Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 61.

62.    Defendants admit that Paragraph 62 purports to characterize and quote portions of Assistant Secretary of Commerce for Export Enforcement Matthew Axelrod's policy memorandum, dated June 30, 2022. The June 30, 2022 memorandum speaks for itself and

DEFENDANTS' AMENDED ANSWER          -23-
CASE NO. 23-cv-03431-RFL

Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the June 30, 2022 memorandum.  Defendants further admit that Paragraph 62 purports to characterize and quote portions of Assistant Secretary Axelrod's remarks at the Practising Law Institute's Coping with U.S. Export Controls and Sanctions Conference on December 9, 2024.  The December 9, 2024 remarks speak for themselves and Defendants refer to them for their complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the December 9, 2024 remarks.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 62.

63.    Defendants admit that Paragraph 63 purports to characterize and quote portions of Assistant Secretary Axelrod's New York University Program on Corporate Compliance and Enforcement blog post, dated July 18, 2023.  The July 18, 2023 blog post speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the July 18, 2023 blog post.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 63.

64.    Defendants admit that Paragraph 64 purports to characterize and quote portions of the BIS Guidance on Charging and Penalty Determinations, 15 C.F.R., Part 766, Supplement No. 1. The Guidance on Charging and Penalty Determinations speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Guidance on Charging and Penalty Determinations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 64.

65.    Defendants admit that Paragraph 65 purports to characterize and quote portions of the Guidance on Charging and Penalty Determinations.  The Guidance on Charging and Penalty Determinations speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny

DEFENDANTS' AMENDED ANSWER          -24-
CASE NO. 23-cv-03431-RFL

Plaintiffs' characterization of the statements purportedly made in the Guidance on Charging and Penalty Determinations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 65.

66. Defendants admit that Paragraph 66 purports to characterize portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Paragraph 66 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 66.

67. Defendants admit that Seagate had HDD manufacturing sites located in the United States, Ireland, and Asia. Defendants admit that Paragraph 67 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 67.

68. Defendants admit that Paragraph 68 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 68.

69. Defendants admit that Paragraph 69 purports to characterize and quote portions of Seagate's SEC filings. The SEC filings speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny

DEFENDANTS' AMENDED ANSWER          -25-
CASE NO. 23-cv-03431-RFL

Plaintiffs' characterization of the statements purportedly made in the SEC filings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that Paragraph 70 purports to characterize and quote portions of Seagate's SEC filings. The SEC filings speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the SEC filings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 70.

71.    Defendants admit that Paragraph 71 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Defendants admit that Paragraph 71 purports to characterize and quote portions of Seagate's SEC filings. The SEC filings speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the SEC filings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 71.

72.    Defendants admit that Paragraph 72 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 72.

73.    Defendants admit that Paragraph 73 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the

DEFENDANTS' AMENDED ANSWER          -26-
CASE NO. 23-cv-03431-RFL

BIS Settlement. Defendants admit that Paragraph 73 purports to characterize and quote portions of Seagate's SEC filings. The SEC filings speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the SEC filings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 73.

74.    Defendants admit that Dr. Mosley was a physicist who served as Seagate's former President of Operations and Technology and as an R&D leader at Seagate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 74.

75.    Defendants admit that Paragraph 75 purports to characterize and quote portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the FDPR. Defendants lack knowledge and information sufficient to form a belief as to the unspecified "warnings" regarding Seagate's "laser-based testing technology, IBE, IBD, and PVD" due to Plaintiffs' failure to source this allegation and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 75.

76.    Defendants admit that Paragraph 76 purports to characterize and quote portions of the August 18, 2020 WSGR client alert. The August 18, 2020 WSGR client alert speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 18, 2020 WSGR client alert. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 76.

77.    Defendants admit that Paragraph 77 purports to characterize and quote portions of the August 19, 2020 Covington client alert. The August 19, 2020 Covington client alert speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added

DEFENDANTS' AMENDED ANSWER          -27-
CASE NO. 23-cv-03431-RFL

with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 19, 2020 Covington client alert. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 77.

78. Defendants admit that Paragraph 78 purports to characterize and quote statements made by David Goeckeler (CEO of Western Digital Corporation) during a presentation at the Citi Global Technology Conference on September 10, 2020. The statements made during the September 10, 2020 presentation speak for themselves and Defendants refer to the September 10, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during a September 10, 2020 presentation. Defendants further admit that Paragraph 78 purports to characterize and quote statements made by Bob Eulau (CFO of Western Digital Corporation) during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statements made during the September 14, 2020 presentation speak for themselves and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the September 14, 2020 presentation. Defendants lack knowledge and information sufficient to form a belief as to the unspecified, undated "announce[ment]" attributed to Toshiba, and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 78.

79. Defendants lack knowledge and information sufficient to form a belief as to whether "the five primary suppliers of semiconductors used by the top global producers of HDDs suspended sales directly to Huawei when the FDPR went into effect," and on this basis, deny this allegation. Defendants further admit that Paragraph 79 purports to characterize "these companies[']" "announce[ments]." These alleged announcements speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged announcements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 79.

80.    Defendants admit that Paragraph 80 purports to characterize and quote portions of the Senate Commerce Committee Minority Staff's investigation report, dated October 2021 ("Commerce Committee Minority Staff Report"). The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 80.

81.    Defendants admit that Paragraph 81 purports to characterize and quote portions of the Terms and Conditions section of Seagate's website as of August 8, 2020. The Terms and Conditions section speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Terms and Conditions section. Defendants further admit that Paragraph 81 purports to characterize portions of Seagate's End User License Agreement ("EULA"), dated May 4, 2016. The EULA speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 81.

82.    Defendants admit that Paragraph 82 purports to characterize and quote portions of the Export and Import Compliance section of Seagate's website as of July 27, 2021. The Export and Import Compliance section speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Export and Import Compliance section. Defendants further admit that Paragraph 82 may purport to characterize and quote portions of the Terms and Conditions section of Seagate's website as of August 8, 2020. The Terms and Conditions section speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly

made in the Terms and Conditions section.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 82.

83.    Defendants admit that Paragraph 83 purports to characterize "warnings" from Seagate's "lawyers and competitors."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 83 purports to characterize and quote portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 83.

84.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Defendants admit that Paragraph 84 purports to characterize and quote portions of the Strategic Cooperation Agreement.  The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Strategic Cooperation Agreement. Defendants lack knowledge and information sufficient to form a belief as to whether Seagate's "competitors had stopped selling to Huawei after the August 2020 FDPR rule was enacted," and on this basis, deny this allegation.  Defendants further admit that Paragraph 84 purports to characterize Seagate's "announce[ments]" of its "Strategic Cooperation Agreement with Baidu" and "Strategic Alliance with Micron Technology, Inc."  These alleged announcements speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged announcements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 84 and footnote 7.

85.    Defendants admit that Paragraph 85 purports to characterize and quote portions of the Strategic Cooperation Agreement.  The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective

DEFENDANTS' AMENDED ANSWER          -30-
CASE NO. 23-cv-03431-RFL

quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Strategic Cooperation Agreement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 85.

86. Defendants admit that Paragraph 86 purports to characterize and quote portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Strategic Cooperation Agreement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 86.

87. Defendants admit that Paragraph 87 purports to characterize and quote portions of a "communication. . . forwarded to Seagate senior leadership." The communication speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the communication. Defendants admit that Paragraph 87 purports to characterize and quote portions of "congratulat[ions]" from Huawei. The source document speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the source document. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 87.

88. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 88 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 88.

89.      Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 89.

90.      Defendants admit that on or about January 27, 2021, Seagate received a letter from a U.S. supplier ("FDP Rule Notification Letter").  Defendants admit that Paragraph 90 purports to characterize and quote portions of the FDP Rule Notification Letter.  The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDP Rule Notification Letter.  Defendants further admit that Paragraph 90 purports to characterize and quote portions of the FDPR.  The FDPR speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 90.

91.      Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Defendants admit that Paragraph 91 purports to characterize and quote portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 91.

92.      Defendants admit that Paragraph 92 purports to characterize and quote portions of the Long-Term Agreement.  The Long-Term Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Long-Term Agreement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 92.

93.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit. Defendants admit that Paragraph 93 purports to characterize and quote portions of communications between "Seagate personnel." These communications speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the communications. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 93.

94.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 94.

95.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants lack knowledge and information sufficient to form a belief as to whether a Congressional inquiry was "prompted by non-public reports. . . from a whistleblower," and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 95.

96.    Defendants admit that Paragraph 96 purports to characterize and quote portions of the letter from Senator Roger Wicker, Ranking Member of the Senate Commerce Committee, to Seagate, Western Digital, and Toshiba, dated May 10, 2021. The May 10, 2021 Wicker letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the May 10, 2021 Wicker letter. Defendants further admit that Paragraph 96 purports to characterize and quote portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 96.

DEFENDANTS' AMENDED ANSWER          -33-
CASE NO. 23-cv-03431-RFL

97.     Defendants admit that Paragraph 97 purports to characterize and quote portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Defendants further admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 97.

98.     Defendants admit that Paragraph 98 purports to characterize and quote portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 98.

99.     Defendants admit that Paragraph 99 purports to characterize and quote portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 99.

100.     Defendants admit that Paragraph 100 purports to characterize and quote portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Defendants further admit that Paragraph 100 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented

with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 100.

101.    Defendants admit that Paragraph 101 purports to characterize statements made by Dr. Mosley and Mr. Romano during the Q1 2021 earnings conference call on October 22, 2021. The statements made in the October 22, 2021 earnings conference call speak for themselves and Defendants refer to the October 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 101.

102.    Defendants admit that Paragraph 102 purports to characterize and quote portions of the Commerce Committee Minority Staff Report.  The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 102.

103.    Defendants admit that Paragraph 103 purports to characterize and quote portions of the Commerce Committee Minority Staff Report.  The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report.  Defendants further admit that Paragraph 103 purports to characterize and quote portions of Ian King and Debby Wu's *Bloomberg Law* article, dated August 23, 2023.  The August 23, 2023 King and Wu article speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 23, 2023 King and Wu article.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 103.

DEFENDANTS' AMENDED ANSWER          -35-
CASE NO. 23-cv-03431-RFL

104.    Defendants admit that Paragraph 104 purports to characterize unspecified "assur[ances]" attributed to Seagate.  The alleged assurances speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of the alleged assurances.  Defendants admit that Seagate stopped selling HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 104.

105.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit.  Defendants admit that Paragraph 105 purports to characterize and quote portions of a "writing" between "Seagate personnel." The writing speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the writing.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 105.

106.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit.  Defendants further admit that Paragraph 106 purports to characterize portions of the FDP Rule Notification Letter.  The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 106.

107.    Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Defendants admit that Paragraph 107 and footnote 8 purport to characterize portions of Ciconte, et al.'s *Review of Accounting Studies* study, dated 2014.  The 2014 Ciconte, et al. study speaks for itself and Defendants refer to the 2014 Ciconte, et al. study for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants further admit that Paragraph 107 and footnote 8 purport to characterize and quote portions of the Bank of America Global Research Report, dated July 21, 2022.  The July 21, 2022 Bank of America report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis

DEFENDANTS' AMENDED ANSWER          -36-
CASE NO. 23-cv-03431-RFL

added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the July 21, 2022 Bank of America report. Defendants admit that Paragraph 107 purports to characterize portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 107 and footnotes 8 and 9 purport to characterize portions of Seagate's financial statements. The financial statements speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 107, footnote 8, and footnote 9.

108.    Defendants admit that Paragraph 108 purports to characterize and quote portions of the October 27, 2022 UBS report. The October 27, 2022 UBS report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2022 UBS report. Defendants further admit that Paragraph 108 purports to characterize and quote portions of the Evercore ISI Earnings Report, dated April 20, 2023. The April 20, 2023 Evercore report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 20, 2023 Evercore report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 108.

109.    Defendants admit that Paragraph 109 purports to characterize and quote portions of the Fitch Rating Action Commentary, dated December 2, 2020. The December 2, 2020 Fitch commentary speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the December 2, 2020 Fitch commentary. Defendants admit that Paragraph 109 purports to characterize and quote portions of the Fitch Rating Action Commentary, dated September 27, 2021. The September 7, 2021 Fitch commentary speaks for itself and Defendants refer to it for its complete contents. Defendants

DEFENDANTS' AMENDED ANSWER          -37-
CASE NO. 23-cv-03431-RFL

deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the September 7, 2021 Fitch commentary.  Defendants admit that in October 2021, Seagate secured a new $1.2 billion term loan facility.  Defendants further admit that in November 2022, Seagate held a $500 million exchange offering.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 109.

110.    Defendants admit that Paragraph 110 purports to characterize portions of the Commerce Committee Minority Staff Report.  The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants further admit that Paragraph 110 purports to characterize and quote portions of the October 27, 2021 Strumpf article.  The October 27, 2021 Strumpf article speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2021 Strumpf article.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 111.

112.    Defendants admit that Paragraph 112 purports to characterize and quote a statement made by Dr. Mosley during an interview at the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022.  The statement made during the March 8, 2022 interview speaks for itself and Defendants refer to the March 8, 2022 interview for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the March 8, 2022 interview.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that Paragraph 113 purports to characterize the statement made by Dr. Mosley during the March 8, 2022 interview.  The statement made during the March 8, 2022 interview speaks for itself and Defendants refer to the March 8, 2022 interview for its complete

contents. Defendants deny that Plaintiffs' characterization is complete or accurate. Defendants further admit that Paragraph 113 purports to characterize and quote portions of the Morgan Stanley Research Report, dated March 8, 2022. The March 8, 2022 Morgan Stanley report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the March 8, 2022 Morgan Stanley report. Defendants admit that Paragraph 113 purports to characterize and quote portions of the UBS Global Research Report, dated March 8, 2022. The March 8, 2022 UBS report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the March 8, 2022 UBS report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 113.

114. Defendants admit that on March 7, 2022, Seagate's common stock closed at a price of $100.09 per share and on March 8, 2022, Seagate's common stock closed at a price of $90.57 per share. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 114.

115. Defendants admit that Seagate stopped selling HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 115 purports to characterize and quote statements made by Dr. Mosley during the interview at the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022. The statements made during the March 8, 2022 interview speak for themselves and Defendants refer to the March 8, 2022 interview for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the March 8, 2022 interview. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 115 and footnote 10.

116. Defendants admit that Paragraph 116 purports to characterize and quote portions of the March 8, 2022 Morgan Stanley report. The March 8, 2022 Morgan Stanley report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization

of the statements purportedly made in the March 8, 2022 Morgan Stanley report. Defendants admit that Paragraph 116 purports to characterize and quote portions of an undated alleged Bank of America report. The alleged report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the alleged report. Defendants admit that Paragraph 116 purports to characterize portions of the Rosenblatt Company Update, dated March 8, 2022. The March 8, 2022 Rosenblatt update speaks for itself and Defendants refer to it for its complete comments. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 116.

117. Defendants admit that Paragraph 117 purports to characterize and quote statements made during the Q4 2022 earnings conference call on July 21, 2022. The statements made in the July 21, 2022 earnings conference call speak for themselves and Defendants refer to the July 21, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 117.

118. Defendants admit that Seagate stopped selling HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 118 purports to characterize and quote portions of the Deutsche Bank Research Report, dated July 21, 2022. The July 21, 2022 Deutsche report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the July 21, 2022 Deutsche report. Defendants further admit that Paragraph 118 purports to characterize and quote portions of the Wedbush Company Report, dated July 22, 2022. The July 22, 2022 Wedbush report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the July 22, 2022 Wedbush report. Defendants admit that

Paragraph 118 purports to characterize and quote portions of the Morgan Stanley Research Report, dated July 22, 2022.  The July 22, 2022 Morgan Stanley report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the July 22, 2022 Morgan Stanley report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 118.

119.    Defendants admit that on July 21, 2022, Seagate's common stock closed at a price of $83.61 per share and on July 22, 2022, Seagate's common stock closed at a price of $76.83 per share.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 119.

120.    Defendants admit that Seagate stopped selling HDDs to Huawei during the putative Class Period.  Defendants admit that Paragraph 120 purports to characterize and quote statements made by Dr. Mosley during the Q4 2022 earnings conference call on July 21, 2022.  The statements made in the July 21, 2022 earnings conference call speak for themselves and Defendants refer to the July 21, 2022 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2022 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 120.

121.    Defendants admit that Paragraph 121 purports to characterize and quote portions of the Bank of America Global Research Report, dated July 21, 2022.  The July 21, 2022 Bank of America report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the July 21, 2022 Bank of America report.  Defendants admit that Paragraph 121 purports to characterize and quote portions of the UBS Global Research Report, dated July 22, 2022.  The July 22, 2022 UBS report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made

DEFENDANTS' AMENDED ANSWER          -41-
CASE NO. 23-cv-03431-RFL

in the July 22, 2022 UBS report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 121.

122.    Defendants admit that Paragraph 122 purports to characterize portions of Seagate's Form 8-K filed on October 26, 2022.  The October 26, 2022 8-K speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 122 purports to characterize statements made by Mr. Romano during the Q1 2023 earnings conference call on October 26, 2022.  The statements made in the October 26, 2022 earnings conference call speak for themselves and Defendants refer to them for their complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants further admit that Paragraph 122 purports to characterize portions of Seagate's press release for its financial results for Q1 2023.  The Q1 2023 press release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 122.

123.    Defendants admit that Paragraph 123 purports to characterize and quote portions of the UBS Global Research Report, dated October 27, 2022.  The October 27, 2022 UBS report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2022 UBS report.  Defendants further admit that Paragraph 123 purports to characterize and quote portions of the Barclays Equity Research Report, dated October 26, 2022.  The October 26, 2022 Barclays report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 26, 2022 Barclays report.  Defendants further admit that Paragraph 123 purports to characterize and quote portions of the BNP Paribas Equities Report, dated October 26, 2022.  The October 26, 2022 BNP Paribas report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs'

DEFENDANTS' AMENDED ANSWER            -42-
CASE NO. 23-cv-03431-RFL

characterization of the statements purportedly made in the October 26, 2022 BNP Paribas report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 123.

124.    Defendants admit that on October 25, 2022, Seagate's common stock closed at a price of $58.00 per share and on October 26, 2022, Seagate's common stock closed at a price of $53.39 per share.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 124.

125.    Defendants admit that Paragraph 125 purports to characterize and quote portions of Seagate's October 26, 2022 8-K.  The October 26, 2022 8-K speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 26, 2022 8-K.  Defendants admit that Paragraph 125 purports to characterize statements made by Dr. Mosley during the Q4 2022 earnings conference call on July 21, 2022. The statements made in the July 21, 2022 earnings conference call speak for themselves and Defendants refer to them for their complete contents.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 125.

126.    Defendants admit that Seagate and BIS announced the BIS Settlement on April 19, 2023.  Defendants admit that Paragraph 126 purports to characterize and quote portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement.  Defendants further admit that Paragraph 126 purports to characterize portions of the BIS Press Release.  The BIS Press Release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 126.

127.    Defendants admit that Paragraph 127 purports to characterize portions of Seagate's Form 8-K filed on April 20, 2023.  The April 20, 2023 8-K speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 127.

DEFENDANTS' AMENDED ANSWER            -43-
CASE NO. 23-cv-03431-RFL

128. Defendants admit that on April 19, 2023, Seagate's common stock closed at a price of $62.86 per share and on April 20, 2023, Seagate's common stock closed at a price of $57.08 per share. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 128.

129. Defendants admit that Paragraph 129 purports to characterize and quote portions of an undated alleged report attributed to "Susquehanna analysts." The alleged report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the alleged report. Defendants admit that Paragraph 129 purports to characterize and quote portions of the Morningstar Equity Analyst Report, dated April 20, 2023. The April 20, 2023 Morningstar report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 20, 2023 Morningstar report. Defendants further admit that Paragraph 129 purports to characterize and quote portions of the Evercore ISI Earnings Report, dated April 20, 2023. The April 20, 2023 Evercore report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the April 20, 2023 Evercore report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 129.

130. Defendants admit that Paragraph 130 purports to characterize and quote portions of Laura Schellhorn's Export Solutions blog post, dated April 26, 2023. The April 26, 2023 Schellhorn blog post speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the April 26, 2023 Schellhorn blog post. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 130.

131. The allegations in Paragraph 131 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 131.

132. Defendants admit that Paragraph 132 purports to characterize and quote portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR. Defendants further admit that Paragraph 132 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 132 may purport to characterize and quote portions of the Know Your Customer Guidance. The Know Your Customer Guidance speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Know Your Customer Guidance. Defendants admit that Paragraph 132 and footnote 11 purport to characterize and quote portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the FDP Rule Notification Letter. Defendants further admit that Paragraph 132 purports to characterize portions of the August 18, 2020 WSGR client alert and August 19, 2020 Covington client alert. The August 18, 2020 WSGR client alert and August 19, 2020 Covington client alert speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants lack knowledge and information sufficient to form a belief as to the "cessation of sales by Western Digital and Toshiba," and on this basis, deny this allegation. Defendants admit that during the putative Class Period, the Senate Commerce Committee investigated HDD manufacturers'

DEFENDANTS' AMENDED ANSWER          -45-
CASE NO. 23-cv-03431-RFL

compliance with restrictions on exports to Huawei. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 132 and footnote 11.

133.     The allegations in Paragraph 133 and footnote 12 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 133 and footnote 13 purport to characterize and quote portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDPR. Defendants admit that Paragraph 133 may purport to characterize and quote portions of the Know Your Customer Guidance. The Know Your Customer Guidance speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Know Your Customer Guidance. Defendants further admit that Paragraph 133 purports to characterize Seagate's "briefing and argument before this Court." The briefing and argument speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of the briefing and argument. Defendants admit that Seagate did not submit a public comment regarding the FDPR with BIS during the FDPR's public comment period of May 19, 2020 to July 14, 2020. Defendants admit that Paragraph 133 purports to characterize a comment regarding the FDPR interim final rule and BIS's response to the comment. The comment and response speak for themselves. Defendants deny Plaintiffs' characterization of the comment and response. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 133, footnote 12, and footnote 13.

134.     Defendants further admit that Paragraph 134 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Paragraph 135 purports to characterize and quote portions of the FDP Rule Notification Letter.  The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the FDP Rule Notification Letter.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that Paragraph 136 purports to characterize and quote portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 136.

137.    Defendants admit that Paragraph 137 purports to characterize and quote portions of the August 18, 2020 WSGR client alert.  The August 18, 2020 WSGR client alert speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 18, 2020 WSGR client alert.  Defendants further admit that Paragraph 137 purports to characterize and quote portions of the August 19, 2020 Covington client alert.  The August 19, 2020 Covington client alert speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 19, 2020 Covington client alert.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 137.

138.    Defendants admit that Paragraph 138 purports to characterize the "announce[ments]" of "Western Digital and Toshiba."  These alleged announcements speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs'

DEFENDANTS' AMENDED ANSWER          -47-
CASE NO. 23-cv-03431-RFL

characterization of those alleged announcements. Defendants lack knowledge and information sufficient to form a belief as to whether "[m]ultiple other participants in the HDD market, including the five primary sellers of HDD semiconductors, likewise all stopped shipments to Huawei after the FDPR was announced," and on this basis, deny this allegation. Defendants further admit that Paragraph 138 purports to characterize and quote portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Defendants further admit that Paragraph 140 purports to characterize and quote portions of the May 10, 2021 Wicker letter. The May 10, 2021 Wicker letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the May 10, 2021 Wicker letter. Defendants admit that Paragraph 140 purports to characterize the "answer[s]" from "Western Digital and Toshiba" to the Commerce Committee's questions. These alleged answers speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged answers. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Seagate communicated

DEFENDANTS' AMENDED ANSWER          -48-
CASE NO. 23-cv-03431-RFL

with Commerce Committee staff.  Defendants admit that Paragraph 141 purports to characterize portions of the Commerce Committee Minority Staff Report.  The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 141.

142.    Defendants lack knowledge and information sufficient to form a belief as to whether the Congressional inquiry "was prompted by (non-public) reports from a whistleblower," and on this basis, deny this allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 142.

143.    Defendants admit that Seagate stopped selling HDDs to Huawei during the putative Class Period.  Defendants admit that Paragraph 143 purports to characterize and quote portions of the Commerce Committee Minority Staff Report.  The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 143.

144.    The allegations in Paragraph 144 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 144 purports to characterize and quote portions of the Commerce Committee Minority Staff Report.  The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Commerce Committee Minority Staff Report.  Defendants lack knowledge and information sufficient to form a belief as to whether "the Commerce Committee's investigation was originally prompted by a whistleblower," and on this basis, deny this allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 144.

145.    To the extent Paragraph 145 concerns claims with respect to Statement 13, which were dismissed by the May 12, 2025 Order, no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 145 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020.  The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 146 purports to characterize "investor inquiry" regarding Seagate's sales during the Class Period.  The alleged inquiries speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of the inquiries.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 146.

147.    Defendants admit that Paragraph 147 purports to characterize portions of Seagate's financial statements.  These financial statements speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those financial statements.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  To the extent Paragraph 147 concerns claims with respect to Statement 13, which were dismissed by the May 12, 2025 Order, no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 147 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020.  The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020

DEFENDANTS' AMENDED ANSWER          -50-
CASE NO. 23-cv-03431-RFL

presentation. Defendants further admit that Paragraph 147 purports to characterize and quote portions of the Strategic Cooperation Agreement and the Long-Term Agreement. The Strategic Cooperation Agreement and Long-Term Agreement speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Strategic Cooperation Agreement and Long-Term Agreement. Defendants further admit that on September 18, 2017, Seagate publicly announced a Strategic Cooperation Agreement with Baidu and on February 12, 2015, Seagate publicly announced a Strategic Alliance with Micron Technology, Inc. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 147.

148. Defendants admit that Paragraph 148 purports to characterize "investor attention and concern" regarding Seagate's "HDD sales to Huawei . . . during the Class Period." The source document speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the source document. Defendants admit that Paragraph 148 purports to characterize "questions from securities analysts." These alleged questions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged questions. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 148.

149. The allegations in Paragraph 149 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 149 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Bank of America Global Technology Conference on June 8, 2021. The statement made during the June 8, 2021 presentation speaks for itself and Defendants refer to the June 8, 2021 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the June 8, 2021 presentation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 149.

DEFENDANTS' AMENDED ANSWER          -51-
CASE NO. 23-cv-03431-RFL

150.    Defendants admit that Paragraph 150 purports to characterize the FDP Rule Notification Letter, the Commerce Committee Minority Staff Report, the August 18, 2020 WSGR client alert, and the August 19, 2020 Covington client alert. The FDP Rule Notification Letter, Commerce Committee Minority Staff Report, August 18, 2020 WSGR client alert, and August 19, 2020 Covington client alert speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    To the extent Paragraph 152 concerns claims with respect to Statement 13, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 152 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Defendants further admit that Paragraph 152 purports to characterize and quote portions of ASC 280-10-50-42. ASC 280-10-50-42 speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the ASC 280-10-50-42. Defendants admit that Paragraph 152 purports to characterize "warnings from a key supplier." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of these alleged warnings. Defendants admit that Paragraph 152 purports to characterize the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the Commerce

DEFENDANTS' AMENDED ANSWER          -52-
CASE NO. 23-cv-03431-RFL

Committee Minority Staff Report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 152.

153. Defendants admit that Paragraph 153 purports to characterize and quote portions of Regulation S-K. Regulation S-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in Regulation S-K. Defendants admit that Paragraph 153 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 153.

154. Defendants admit that Paragraph 154 purports to characterize portions of Seagate's Form 10-Ks between 2011 and 2021. Seagate's 2011 to 2021 10-Ks speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Paragraph 154 purports to characterize portions of Western Digital's Form 10-K for the fiscal year ended 2021. Western Digital's fiscal year 2021 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 154.

155. To the extent Paragraph 155 concerns claims with respect to Statement 15, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 155 purports to characterize a statement in Seagate's Form 10-Q, dated April 29, 2021. The April 29, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Paragraph 155 may purport to characterize portions of Seagate's Form 10-Ks between 2011 and 2021. Seagate's 2011 to 2021 10-Ks speak for themselves and Defendants refer to them for their complete contents. Defendants deny that

Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 155.

156. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 156 purports to characterize "warnings from suppliers." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants further admit that Paragraph 156 purports to characterize and quote portions of the Strategic Cooperation Agreement and the Long-Term Agreement. The Strategic Cooperation Agreement and Long-Term Agreement speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Strategic Cooperation Agreement and Long-Term Agreement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 156.

157. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 157 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Paragraph 157 purports to characterize portions of the Long-Term Agreement. The Long-Term Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 157 purports to characterize and quote portions of an "email" that was "forwarded to Seagate senior leadership." The email speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the email. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 157.

158. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit. Defendants further admit that Paragraph 158 purports to characterize internal "acknowledge[ments]" from "Seagate personnel." These alleged

DEFENDANTS' AMENDED ANSWER          -54-
CASE NO. 23-cv-03431-RFL

acknowledgments speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged acknowledgments. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 158.

159. The allegations in Paragraph 159 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 159 purports to characterize portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 159 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Defendants further admit that Paragraph 159 purports to characterize and quote portions of Seagate's SEC filings. The SEC filings speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the SEC filings. Defendants admit that Paragraph 159 purports to characterize Seagate's "warn[ings]" to its "customers." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants admit that Paragraph 159 purports to characterize "warnings from a key supplier" to Seagate. These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of these alleged warnings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 159.

160. The allegations in Paragraph 160 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 160 purports to characterize portions of Seagate's Form 8-K filed on April 20, 2023. The April 20, 2023 8-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Jeffrey Nygaard worked for Seagate for nearly 30 years. Defendants admit that Paragraph 160 purports to

characterize and quote portions of Seagate's website biography for its Executive Vice President and Chief Commercial Officer.  The website biography speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the website biography.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 161 purports to characterize portions of the BIS Press Release.  The BIS Press Release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 161 purports to characterize and quote portions of the Guidance on Charging and Penalty Determinations.  The Guidance on Charging and Penalty Determinations speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Guidance on Charging and Penalty Determinations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 162 purports to characterize and quote portions of the Guidance on Charging and Penalty Determinations.  The Guidance on Charging and Penalty Determinations speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Guidance on Charging and Penalty Determinations.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 163 purports to

characterize portions of Laura Waxmann's *San Francisco Business* Times article, dated November 9, 2022. The November 9, 2022 Waxmann article speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 163 purports to characterize and quote portions of Katie Burke's *CoStar News* article, dated July 11, 2023. The July 11, 2023 Burke article speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the July 11, 2023 Burke article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 163.

164. The allegations in Paragraph 164 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 164 purports to characterize Seagate's "statements." These alleged statements speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of these alleged statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 164.

165. The allegations in Paragraph 165 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 165 purports to characterize Seagate's "statements." These alleged statements speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of these alleged statements. Defendants admit that Paragraph 165 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 165.

166. Defendants admit that Mr. Romano attended the Deutsche Bank Technology Conference. Defendants admit that Paragraph 166 purports to characterize and quote questions asked by an analyst during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The questions asked during the September 14, 2020 presentation speak for

DEFENDANTS' AMENDED ANSWER        -57-
CASE NO. 23-cv-03431-RFL

themselves and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the questions purportedly asked during the September 14, 2020 presentation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 166.

167.    To the extent that the allegations in Paragraph 167 concern claims with respect to Statement 1, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 167 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 167.

168.    Defendants admit that Paragraph 168 purports to characterize and quote a question asked by an analyst during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The question asked during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the question purportedly asked during the September 14, 2020 presentation. To the extent that the allegations in Paragraph 168 concern claims with respect to Statement 2, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 168 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented

DEFENDANTS' AMENDED ANSWER          -58-
CASE NO. 23-cv-03431-RFL

with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 contain legal conclusions to which no response is required. Additionally, to the extent that the allegations in Paragraph 169 concern claims with respect to Statement 1 and Statement 2, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 169 purports to characterize and quote statements made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020. The statements made during the September 14, 2020 presentation speak for themselves and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the September 14, 2020 presentation. Defendants further admit that Paragraph 169 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 169 purports to characterize "warnings, including from its competitors and its outside law firms." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants admit that Paragraph 169 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 169.

170.    Defendants admit that Dr. Mosley and Mr. Romano attended the Q1 2021 earnings conference call on October 22, 2020. Defendants admit that Paragraph 170 purports to characterize and quote a question asked by an analyst during the Q1 2021 earnings conference call on October 22, 2020. The question asked during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its

DEFENDANTS' AMENDED ANSWER         -59-
CASE NO. 23-cv-03431-RFL

complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the question purportedly asked during the October 22, 2020 earnings conference call. Defendants further admit that Paragraph 170 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020. The statement made during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 170.

171.    Defendants admit that Paragraph 171 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 29, 2020. The October 29, 2020 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the October 29, 2020 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 171.

172.    Defendants admit that Paragraph 172 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021. The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 172.

173.    Defendants admit that Paragraph 173 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 29, 2020. The October 29, 2020 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective

DEFENDANTS' AMENDED ANSWER          -60-
CASE NO. 23-cv-03431-RFL

quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 29, 2020 10-Q.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 174 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020.  The statement made during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call.  Defendants further admit that Paragraph 174 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 29, 2020.  The October 29, 2020 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 29, 2020 10-Q.  Defendants admit that Paragraph 174 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K.  Defendants admit that Paragraph 174 purports to characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 174 purports to characterize "warnings, including from its competitors and its outside law firms."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 174 purports to characterize Seagate's "instructions to its customers."  These alleged instructions speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs'

DEFENDANTS' AMENDED ANSWER          -61-
CASE NO. 23-cv-03431-RFL

characterization of those alleged instructions.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 174.

175.     Defendants admit that Dr. Mosley and Mr. Romano attended the Q2 2021 earnings conference call on January 21, 2021.  Defendants admit that Paragraph 175 purports to characterize and quote a question asked by an analyst during the Q2 2021 earnings conference call on January 21, 2021.  The question asked in the January 21, 2021 earnings conference call speaks for itself and Defendants refer to the January 21, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the question purportedly asked during the January 21, 2021 earnings conference call.  Defendants admit that Paragraph 175 purports to characterize and quote statements made by Dr. Mosley during the Q2 2021 earnings conference call on January 21, 2021.  The statements made in the January 21, 2021 earnings conference call speak for themselves and Defendants refer to the January 21, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the January 21, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 175.

176.     Defendants admit that Paragraph 176 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 28, 2021.  The January 28, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the January 28, 2021 10-Q.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 176.

177.     Defendants admit that Paragraph 177 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and

Defendants refers to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 177.

178.     Defendants admit that Paragraph 178 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 28, 2021. The January 28, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the January 28, 2021 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 178.

179.     The allegations in Paragraph 179 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 179 purports to characterize and quote a statement made by Mr. Romano during the Q2 2021 earnings conference call on January 21, 2021. The statement made during the January 21, 2021 earnings conference call speaks for itself and Defendants refer to the January 21, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the January 21, 2021 earnings conference call. Defendants further admit that Paragraph 179 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 28, 2021. The January 28, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the January 28, 2021 10-Q. Defendants admit that Paragraph 179 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021. The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K. Defendants admit that Paragraph 179 purports to

DEFENDANTS' AMENDED ANSWER          -63-
CASE NO. 23-cv-03431-RFL

characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 179 purports to characterize "warnings, including from its competitors and its outside law firms."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 179 purports to characterize portions of the FDP Rule Notification Letter.  The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 179 purports to characterize Seagate's "instructions to its customers."  These alleged instructions speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged instructions.  Defendants admit that Paragraph 179 purports to characterize portions of the Strategic Cooperation Agreement.  The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 179.

180.    Defendants admit that Paragraph 180 purports to characterize and quote portions of Seagate's Form 10-Q filed on April 29, 2021.  The April 29, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the April 29, 2021 10-Q.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 180.

181.    Defendants admit that Paragraph 181 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold

font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 181.

182. Defendants admit that Paragraph 182 purports to characterize and quote portions of Seagate's Form 10-Q filed on April 29, 2021. The April 29, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 29, 2021 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 182.

183. Defendants admit that Mr. Romano attended the Bank of America Global Technology Conference on behalf of Seagate on June 8, 2021. Defendants further admit that Paragraph 183 purports to characterize and quote a question asked by an analyst during the presentation at the Bank of America Global Technology Conference on June 8, 2021. The question asked during the June 8, 2021 presentation speaks for itself and Defendants refer to the June 8, 2021 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the question purportedly asked during the June 8, 2021 presentation. Defendants further admit that Paragraph 183 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Bank of America Global Technology Conference on June 8, 2021. The statement made during the June 8, 2021 presentation speaks for itself and Defendants refer to the June 8, 2021 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the June 8, 2021 presentation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 183.

184. The allegations in Paragraph 184 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 184 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Bank of

America Global Technology Conference on June 8, 2021.  The statement made during the June 8, 2021 presentation speaks for itself and Defendants refer to the June 8, 2021 presentation for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the June 8, 2021 presentation.  Defendants admit that Paragraph 184 purports to characterize and quote portions of Seagate's Form 10-Q filed on April 29, 2021.  The April 29, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 29, 2021 10-Q.  Defendants admit that Paragraph 184 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K.  Defendants admit that Paragraph 184 purports to characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 184 purports to characterize "warnings, including from its competitors and its outside law firms."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 184 purports to characterize portions of the FDP Rule Notification Letter.  The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 184 purports to characterize Seagate's "instructions to its customers."  These alleged instructions speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged instructions.  Defendants admit that Paragraph 184 purports to characterize portions of the Strategic Cooperation Agreement.  The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants

DEFENDANTS' AMENDED ANSWER          -66-
CASE NO. 23-cv-03431-RFL

admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 184.

185.    Defendants admit that Paragraph 185 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 185.

186.    Defendants admit that Paragraph 186 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 186 purports to characterize and quote portions of Seagate's Form 10-K filed on August 6, 2021.  The August 6, 2021 10-K speaks for itself and Defendants refers to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 6, 2021 10-K.  Defendants admit that Paragraph 187 purports to characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 187 purports to characterize "warnings, including from its competitors and its outside law firms."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 187 purports to

DEFENDANTS' AMENDED ANSWER          -67-
CASE NO. 23-cv-03431-RFL

characterize portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 187 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Defendants admit that Paragraph 187 purports to characterize portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 187.

188.    Defendants admit that Paragraph 188 purports to characterize portions of the Commerce Committee Minority Staff Report. The Commerce Committee Minority Staff Report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Paragraph 188 purports to characterize and quote portions of the October 27, 2021 Strumpf article. The October 27, 2021 Strumpf article speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2021 Strumpf article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 188.

189.    Defendants admit that Paragraph 189 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 28, 2021. The October 28, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the October 28, 2021 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 189.

DEFENDANTS' AMENDED ANSWER         -68-
CASE NO. 23-cv-03431-RFL

190.    Defendants admit that Paragraph 190 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022.  The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 190.

191.    Defendants admit that Paragraph 191 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 28, 2021.  The October 28, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 28, 2021 10-Q.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 191.

192.    The allegations in Paragraph 192 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 192 purports to characterize and quote portions of the October 27, 2021 Strumpf article.  The October 27, 2021 Strumpf article speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2021 Strumpf article.  Defendants further admit that Paragraph 192 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 28, 2021.  The October 28, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 28, 2021 10-Q.  Defendants admit that Paragraph 192 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022.  The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K.

Defendants admit that Paragraph 192 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 192 purports to characterize "warnings, including from its competitors and its outside law firms." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants admit that Paragraph 192 purports to characterize portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 192 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 192. Defendants admit that Paragraph 192 purports to characterize portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit, and Seagate stopped shipping HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 192.

193.    Defendants admit that Paragraph 193 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 27, 2022. The January 27, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the January 27, 2022 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 193.

194.    Defendants admit that Paragraph 194 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and

DEFENDANTS' AMENDED ANSWER                -70-
CASE NO. 23-cv-03431-RFL

Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 194.

195. Defendants admit that Paragraph 195 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 27, 2022. The January 27, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the January 27, 2022 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 195.

196. The allegations in Paragraph 196 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 196 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 27, 2022. The January 27, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the January 27, 2022 10-Q. Defendants admit that Paragraph 196 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Defendants admit that Paragraph 196 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 196 purports to characterize "warnings, including from its competitors and its outside law firms." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants

admit that Paragraph 196 purports to characterize portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 196 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Defendants admit that Paragraph 196 purports to characterize portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit, and Seagate stopped shipping HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 196.

197. Defendants admit that Paragraph 197 purports to characterize and quote portions of Seagate's Form 10-Q filed on April 28, 2022. The April 28, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the April 28, 2022 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 197.

198. Defendants admit that Paragraph 198 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 198.

199. Defendants admit that Paragraph 199 purports to characterize and quote portions of Seagate's Form 10-Q filed on April 28, 2022. The April 28, 2022 10-Q speaks for itself and

Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 28, 2022 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 199.

200. Defendants admit that Paragraph 200 purports to characterize and quote portions of Seagate's Form 10-Q filed on April 28, 2022. The April 28, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the April 28, 2022 10-Q. Defendants admit that Paragraph 200 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Defendants admit that Paragraph 200 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 200 purports to characterize "warnings, including from its competitors and its outside law firms." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants admit that Paragraph 200 purports to characterize portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 200 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Defendants admit that Paragraph 200 purports to characterize portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete

DEFENDANTS' AMENDED ANSWER                    -73-
CASE NO. 23-cv-03431-RFL

contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit, and Seagate stopped shipping HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 200.

201. Defendants admit that Paragraph 201 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 201.

202. Defendants admit that Paragraph 202 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 202.

203. The allegations in Paragraph 203 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 203 purports to characterize and quote portions of Seagate's Form 10-K filed on August 5, 2022. The August 5, 2022 10-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the August 5, 2022 10-K. Defendants admit that Paragraph 203 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 203 purports to characterize "warnings, including from its competitors and its outside law firms." These alleged warnings speak for

DEFENDANTS' AMENDED ANSWER          -74-
CASE NO. 23-cv-03431-RFL

themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 203 purports to characterize portions of the FDP Rule Notification Letter.  The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 203 purports to characterize Seagate's "instructions to its customers."  These alleged instructions speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged instructions.  Defendants admit that Paragraph 203 purports to characterize portions of the Strategic Cooperation Agreement.  The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit, and Seagate stopped shipping HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 203.

204.    Defendants admit that Paragraph 204 purports to characterize and quote portions of Seagate's Form 8-K filed on October 26, 2022.  The October 26, 2022 8-K speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 26, 2022 8-K.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 204.

205.    Defendants admit that Paragraph 205 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2023 earnings conference call on October 26, 2022.  The statement made during the October 26, 2022 earnings conference call speaks for itself and Defendants refer to the October 26, 2022 earnings conference call for its complete contents.  Defendants deny that Dr. Mosley made this statement, deny Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the October 26,

2022 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 205.

206.    Defendants admit that Paragraph 206 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 27, 2022.  The October 27, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2022 10-Q.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 206.

207.    Defendants admit that Paragraph 207 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 27, 2022.  The October 27, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2022 10-Q.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 208 purports to characterize and quote portions of Seagate's Form 10-Q filed on October 27, 2022.  The October 27, 2022 10-Q speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the October 27, 2022 10-Q.  Defendants admit that Paragraph 208 purports to characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 208 purports to characterize "warnings, including from its competitors and its outside law firms."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Defendants admit that Paragraph 208 purports to

DEFENDANTS' AMENDED ANSWER          -76-
CASE NO. 23-cv-03431-RFL

characterize portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 208 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Defendants admit that Paragraph 208 purports to characterize portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit, and Seagate stopped shipping HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 208.

209. Defendants admit that Paragraph 209 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 25, 2023. The January 25, 2023 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the January 25, 2023 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 209.

210. Defendants admit that Paragraph 210 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 25, 2023. The January 25, 2023 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the January 25, 2023 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 210.

211. The allegations in Paragraph 211 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 211 purports to characterize and quote portions of Seagate's Form 10-Q filed on January 25, 2023. The January

DEFENDANTS' AMENDED ANSWER          -77-
CASE NO. 23-cv-03431-RFL

25, 2023 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the January 25, 2023 10-Q. Defendants admit that Paragraph 211 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 211 purports to characterize "warnings, including from its competitors and its outside law firms." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Defendants admit that Paragraph 211 purports to characterize portions of the FDP Rule Notification Letter. The FDP Rule Notification Letter speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 211 purports to characterize Seagate's "instructions to its customers." These alleged instructions speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged instructions. Defendants admit that Paragraph 211 purports to characterize portions of the Strategic Cooperation Agreement. The Strategic Cooperation Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, including some on credit, and Seagate stopped shipping HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 211.

212. Defendants admit that Mr. Romano attended the Deutsche Bank Technology Conference on behalf of Seagate on September 14, 2020. Defendants admit that Paragraph 212 purports to characterize and quote a question asked by an analyst during Seagate's presentation at the Deutsche Bank Technology Conference on September 14, 2020. The question asked during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is

DEFENDANTS' AMENDED ANSWER          -78-
CASE NO. 23-cv-03431-RFL

complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the question purportedly asked during the September 14, 2020 presentation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 212.

213.    To the extent Paragraph 213 concerns claims with respect to Statement 13, which were dismissed by the May 12, 2025 Order, no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 213 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020.  The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 213.

214.    The allegations in Paragraph 214 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 214 purports to characterize and quote a statement made by Mr. Romano during the presentation at the Deutsche Bank Technology Conference on September 14, 2020.  The statement made during the September 14, 2020 presentation speaks for itself and Defendants refer to the September 14, 2020 presentation for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the September 14, 2020 presentation.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 214.

215.    Defendants admit that Paragraph 215 purports to characterize and quote a question asked by an analyst during the Q1 2021 earnings conference call on October 22, 2020.  The question asked during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents.

DEFENDANTS' AMENDED ANSWER          -79-
CASE NO. 23-cv-03431-RFL

Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the question purportedly asked during the October 22, 2020 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 215.

216. Defendants admit that Paragraph 216 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020. The statement made during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 216.

217. The allegations in Paragraph 217 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 217 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2021 earnings conference call on October 22, 2020. The statement made during the October 22, 2020 earnings conference call speaks for itself and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call. Defendants admit that Paragraph 217 purports to characterize portions of the FDPR. The FDPR speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 217 and footnote 14.

218. To the extent Paragraph 218 concerns claims with respect to Statement 15, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 218 purports to characterize and quote portions of

DEFENDANTS' AMENDED ANSWER          -80-
CASE NO. 23-cv-03431-RFL

Seagate's Form 10-Q filed on April 29, 2021. The April 29, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the April 29, 2021 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 218.

219. The allegations in Paragraph 219 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 219 purports to characterize and quote portions of ASC 280-10-50-42. ASC 280-10-50-42 speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the ASC 280-10-50-42. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 219 purports to characterize Seagate's Form 10-Q filed on April 29, 2021. The April 29, 2021 10-Q speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the April 29, 2021 10-Q. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 219.

220. Defendants admit that Paragraph 220 purports to characterize and quote portions of the Wells Fargo Equity Research Report, dated March 18, 2021. The March 18, 2021 Wells Fargo report speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the March 18, 2021 Wells Fargo report. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 220.

221. Defendants admit that Paragraph 221 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q1 2021 earnings conference call on October 22, 2020. The statements made during the October 22, 2020 earnings conference call speak for themselves and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full

DEFENDANTS' AMENDED ANSWER          -81-
CASE NO. 23-cv-03431-RFL

context and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 221.

222. Defendants admit that Paragraph 222 purports to characterize and quote portions of Seagate's October 22, 2020 8-K. The October 22, 2020 8-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 22, 2020 8-K. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 222.

223. The allegations in Paragraph 223 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 223 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q1 2021 earnings conference call on October 22, 2020. The statements made during the October 22, 2020 earnings conference call speak for themselves and Defendants refer to the October 22, 2020 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement purportedly made during the October 22, 2020 earnings conference call. Defendants further admit that Paragraph 223 purports to characterize and quote portions of Seagate's October 22, 2020 8-K. The October 22, 2020 8-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the October 22, 2020 8-K. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 223 purports to characterize "numerous warnings." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 223.

224. Defendants admit that Paragraph 224 purports to characterize and quote statements made by Dr. Mosley during the Q2 2021 earnings conference call on January 21, 2021. The

statements made in the January 21, 2021 earnings conference call speak for themselves and Defendants refer to the January 21, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 21, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 224.

225.    Defendants admit that Paragraph 225 purports to characterize and quote statements made by Mr. Romano during the Q2 2021 earnings conference call on January 21, 2021.  The statements made in the January 21, 2021 earnings conference call speak for themselves and Defendants refer to the January 21, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 21, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 225.

226.    Defendants further admit that Paragraph 226 purports to characterize and quote portions of Seagate's press release for its financial results for Q2 2021.  The Q2 2021 press release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q2 2021 press release.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 226.

227.    The allegations in Paragraph 227 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 227 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q2 2021 earnings conference call on January 21, 2021.  The statements made in the January 21, 2021 earnings conference call speak for themselves and Defendants refer to the January 21, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during

the January 21, 2021 earnings conference call. Defendants further admit that Paragraph 227 purports to characterize and quote portions of Seagate's press release for its financial results for Q2 2021. The Q2 2021 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Q2 2021 press release. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants further admit that footnote 15 purports to characterize portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants admit that Paragraph 227 purports to characterize "numerous warnings." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged "warnings." Except as expressly admitted herein, Defendants deny the allegations in Paragraph 227.

228. Defendants admit that Paragraph 228 purports to characterize and quote statements made by Dr. Mosley during the Q3 2021 earnings conference call on April 22, 2021. The statements made in the April 22, 2021 earnings conference call speak for themselves and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the April 22, 2021 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 228.

229. Defendants admit that Paragraph 229 purports to characterize and quote statements made by Mr. Romano during the Q3 2021 earnings conference call on April 22, 2021. The statements made in the April 22, 2021 earnings conference call speak for themselves and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of

the statements purportedly made during the April 22, 2021 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 229.

230. Defendants admit that Paragraph 230 purports to characterize and quote a question asked by an analyst during the Q3 2021 earnings conference call on April 22, 2021. The question asked in the April 22, 2021 earnings conference call speaks for itself and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the question purportedly asked during the January 21, 2021 earnings conference call. Defendants further admit that Paragraph 230 purports to characterize and quote statements made by Dr. Mosley during the Q3 2021 earnings conference call on April 22, 2021. The statements made in the April 22, 2021 earnings conference call speak for themselves and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the April 22, 2021 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 230.

231. Defendants admit that Paragraph 231 purports to characterize and quote a question asked by an analyst during the Q3 2021 earnings conference call on April 22, 2021. The question asked in the April 22, 2021 earnings conference call speaks for itself and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the question purportedly asked during the January 21, 2021 earnings conference call. Defendants further admit that Paragraph 230 purports to characterize and quote statements made by Dr. Mosley during the Q3 2021 earnings conference call on April 22, 2021. The statements made in the April 22, 2021 earnings conference call speak for themselves and Defendants refer to the April 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs'

characterization of the statements purportedly made during the April 22, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 231.

232.     Defendants admit that Paragraph 232 purports to characterize and quote portions of Seagate's press release for its financial results for Q3 2021.  The Q3 2021 press release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Q3 2021 press release.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 232.

233.     The allegations in Paragraph 233 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 233 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q3 2021 earnings conference call on April 22, 2021.  The statements made in the April 22, 2021 earnings conference call speak for themselves and Defendants refer to the April 22, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the April 22, 2021 earnings conference call.  Defendants further admit that Paragraph 233 purports to characterize and quote portions of Seagate's press release for its financial results for Q3 2021.  The Q3 2021 press release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q3 2021 press release.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period.  Defendants further admit that footnote 16 purports to characterize portions of the BIS Settlement.  The BIS Settlement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' characterizations are complete or accurate.  Defendants admit that Paragraph 233 purports to characterize "numerous warnings."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.

DEFENDANTS' AMENDED ANSWER          -86-
CASE NO. 23-cv-03431-RFL

Except as expressly admitted herein, Defendants deny the allegations in Paragraph 233 and footnote 16.

234.    Defendants admit that Dr. Mosley and Mr. Romano attended the Q4 and full year 2021 earnings conference call on July 21, 2021.  Defendants admit that Paragraph 234 purports to characterize and quote a statement made by Dr. Mosley during the Q4 2021 earnings conference call on July 21, 2021.  The statement made during the July 21, 2021 earnings conference call speaks for itself and Defendants refer to the July 21, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 234.

235.    Defendants admit that Paragraph 235 purports to characterize and quote a statement made by Mr. Romano during the Q4 2021 earnings conference call on July 21, 2021.  The statement made during the July 21, 2021 earnings conference call speaks for itself and Defendants refer to the July 21, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 235.

236.    The allegations in Paragraph 236 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 236 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q4 2021 earnings conference call on July 21, 2021.  The statements made during the July 21, 2021 earnings conference call speak for themselves and Defendants refer to the July 21, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2021 earnings conference call.  Defendants admit that Seagate sold certain HDDs to Huawei during the

putative Class Period. Defendants admit that Paragraph 236 purports to characterize the Long-Term Agreement. The Long-Term Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the Long-Term Agreement. Defendants admit that Paragraph 236 purports to characterize "numerous warnings." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 236.

237. Defendants admit that Dr. Mosley and Mr. Romano attended the Q1 2022 earnings conference call on October 22, 2021. Defendants admit that Paragraph 237 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2022 earnings conference call on October 22, 2021. The statement made in the October 22, 2021 earnings conference call speaks for itself and Defendants refer to the October 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2021 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 237.

238. Defendants admit that Paragraph 238 purports to characterize and quote a statement made by Mr. Romano during the Q1 2022 earnings conference call on October 22, 2021. The statement made in the October 22, 2021 earnings conference call speaks for itself and Defendants refer to the October 22, 2021 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2021 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 238.

239. Defendants admit that Paragraph 239 purports to characterize and quote a statement made by Dr. Mosley during the Q1 2022 earnings conference call on October 22, 2021. The statement made in the October 22, 2021 earnings conference call speaks for itself and Defendants refer to the October 22, 2021 earnings conference call for its complete contents. Defendants deny

that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 239.

240.     Defendants admit that Paragraph 240 purports to characterize and quote a statement made by Mr. Romano during the Q1 2022 earnings conference call on October 22, 2021.  The statement made in the October 22, 2021 earnings conference call speaks for itself and Defendants refer to the October 22, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2021 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 240.

241.     Defendants admit that Paragraph 241 purports to characterize and quote portions of Seagate's press release for its financial results for Q2 2021.  The Q2 2021 press release speaks for itself and Defendants refer to it for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Q2 2021 press release.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 241.

242.     The allegations in Paragraph 242 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 242 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q1 2022 earnings conference call on October 22, 2021.  The statements made in the October 22, 2021 earnings conference call speak for themselves and Defendants refer to the October 22, 2021 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 22, 2021 earnings conference call.  Defendants admit that Paragraph 242 purports to characterize and quote portions of Seagate's press release for

DEFENDANTS' AMENDED ANSWER          -89-
CASE NO. 23-cv-03431-RFL

its financial results for Q2 2021. The Q2 2021 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q2 2021 press release. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and Seagate stopped selling HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 242 purports to characterize the Long-Term Agreement. The Long-Term Agreement speaks for itself and Defendants refer to it for its complete contents. Defendants deny Plaintiffs' characterization of the Long-Term Agreement. Defendants admit that Paragraph 242 purports to characterize "numerous warnings." These alleged warnings speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those alleged warnings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 242.

243.    Defendants admit that Dr. Mosley and Mr. Romano attended the Q2 2022 earnings conference call on January 26, 2022. To the extent Paragraph 243 concerns claims with respect to Statement 28, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 243 purports to characterize and quote a statement made by Dr. Mosley during the Q2 2022 earnings conference call on January 26, 2022. The statement made in the January 26, 2022 earnings conference call speaks for itself and Defendants refer to the January 26, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 26, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 243.

244.    To the extent Paragraph 244 concerns claims with respect to Statement 28, which were dismissed by the May 12, 2025 Order, no response is required. To the extent a response is necessary, Defendants admit that Paragraph 244 purports to characterize and quote a statement made by Mr. Romano during the Q2 2022 earnings conference call on January 26, 2022. The statement made in the January 26, 2022 earnings conference call speaks for itself and Defendants

refer to the January 26, 2022 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 26, 2022 earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 244.

245.    The allegations in Paragraph 245 contain legal conclusions to which no response is required. Additionally, to the extent that the allegations in Paragraph 245 concern claims with respect to Statement 28, which were dismissed by the May 12, 2025 Order, no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 245 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q2 2022 earnings conference call on January 26, 2022.  The statements made in the January 26, 2022 earnings conference call speak for themselves and Defendants refer to the January 26, 2022 earnings conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 26, 2022 earnings conference call.  Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and Seagate stopped selling HDDs to Huawei during the putative Class Period.  Defendants admit that Paragraph 245 purports to characterize the Long-Term Agreement.  The Long-Term Agreement speaks for itself and Defendants refer to it for its complete contents.  Defendants deny Plaintiffs' characterization of the Long-Term Agreement.  Defendants admit that Paragraph 245 purports to characterize "numerous warnings."  These alleged warnings speak for themselves and Defendants refer to them for their complete contents.  Defendants deny Plaintiffs' characterization of those alleged warnings.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 245.

246.    Defendants admit that Paragraph 246 purports to characterize and quote statements made by Dr. Mosley during the Q3 2022 earnings conference call on April 27, 2022.  The statements made in the April 27, 2022 earnings conference call speaks for themselves and Defendants refer to the April 27, 2022 earnings conference call for its complete contents.

DEFENDANTS' AMENDED ANSWER          -91-
CASE NO. 23-cv-03431-RFL

Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made during the April 27, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 246.

247. Defendants admit that Paragraph 247 purports to characterize and quote portions of Seagate's press release for its financial results for Q3 2022. The Q3 2022 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q3 2022 press release. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 247.

248. The allegations in Paragraph 248 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 248 purports to characterize and quote statements made by Dr. Mosley during the Q3 2022 earnings conference call on April 27, 2022. The statements made in the April 27, 2022 earnings conference call speak for themselves and Defendants refer to the April 27, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the April 27, 2022 earnings conference call. Defendants admit that Paragraph 248 purports to characterize and quote portions of Seagate's press release for its financial results for Q3 2022. The Q3 2022 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q3 2022 press release. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 248.

249. Defendants further admit that Paragraph 249 purports to characterize and quote a statement made by Dr. Mosley during the Q4 2022 earnings conference call on July 21, 2022. The statement made during the July 21, 2022 earnings conference call speaks for itself and Defendants

refer to the July 21, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the July 21, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 249.

250. Defendants further admit that Paragraph 250 purports to characterize and quote a statement made by Mr. Romano during the Q4 2022 earnings conference call on July 21, 2022. The statement made during the July 21, 2022 earnings conference call speaks for itself and Defendants refer to the July 21, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statement purportedly made during the July 21, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 250.

251. Defendants admit that Paragraph 251 purports to characterize and quote portions of Seagate's press release for its financial results for Q4 2022. The Q4 2022 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Q4 2022 press release. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 251.

252. The allegations in Paragraph 252 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 252 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q4 2022 earnings conference call on July 21, 2022. The statements made during the July 21, 2022 earnings conference call speak for themselves and Defendants refer to the July 21, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2022 earnings conference call. Defendants admit that

DEFENDANTS' AMENDED ANSWER                -93-
CASE NO. 23-cv-03431-RFL

Paragraph 252 purports to characterize and quote portions of Seagate's press release for its financial results for Q4 2022. The Q4 2022 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the Q4 2022 press release. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 252.

253.    Defendants admit that Paragraph 253 purports to characterize and quote statements made by Dr. Mosley during the Q1 2023 earnings conference call on October 26, 2022. The statements made during the October 26, 2022 earnings conference call speak for themselves and Defendants refer to the October 26, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 26, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 253.

254.    Defendants admit that Paragraph 254 purports to characterize and quote portions of Seagate's press release for its financial results for Q1 2023. The Q1 2023 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q1 2023 press release. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 254.

255.    The allegations in Paragraph 255 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 255 purports to characterize and quote statements made by Dr. Mosley during the Q1 2023 earnings conference call on October 26, 2022. The statements made during the October 26, 2022 earnings conference call speak for themselves and Defendants refer to the October 26, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or

DEFENDANTS' AMENDED ANSWER          -94-
CASE NO. 23-cv-03431-RFL

presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 26, 2022 earnings conference call. Defendants further admit that Paragraph 255 purports to characterize and quote portions of Seagate's press release for its financial results for Q1 2023. The Q1 2023 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q1 2023 press release. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 255.

256. Defendants admit that Paragraph 256 purports to characterize and quote statements made by Dr. Mosley during the Q2 2023 earnings conference call on January 25, 2023. The statements made during the January 25, 2023 earnings conference call speak for themselves and Defendants refer to the January 25, 2023 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 25, 2023 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 256.

257. Defendants admit that Paragraph 257 purports to characterize and quote statements made by Mr. Romano during the Q2 2023 earnings conference call on January 25, 2023. The statements made during the January 25, 2023 earnings conference call speak for themselves and Defendants refer to the January 25, 2023 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 25, 2023 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 257.

258. Defendants admit that Paragraph 258 purports to characterize and quote portions of Seagate's press release for its financial results for Q2 2023. The Q2 2023 press release speaks for

DEFENDANTS' AMENDED ANSWER          -95-
CASE NO. 23-cv-03431-RFL

itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q2 2023 press release. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 258.

259. The allegations in Paragraph 259 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 259 purports to characterize and quote statements made by Dr. Mosley and Mr. Romano during the Q2 2023 earnings conference call on January 25, 2023. The statements made during the January 25, 2023 earnings conference call speak for themselves and Defendants refer to the January 25, 2023 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the January 25, 2023 earnings conference call. Defendants admit that Paragraph 259 purports to characterize and quote portions of Seagate's press release for its financial results for Q2 2023. The Q2 2023 press release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made in the Q2 2023 press release. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 259.

260. The allegations in Paragraph 260 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 260.

261. The allegations in Paragraph 261 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 261.

262. Defendants admit that Paragraph 262 purports to characterize and quote statements made by Dr. Mosley during the interview at the Morgan Stanley Technology, Media and Telecom

Conference on March 8, 2022. The statement made during the March 8, 2022 interview speaks for itself and Defendants refer to the March 8, 2022 interview for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the March 8, 2022 interview. Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period, and that Seagate stopped selling HDDs to Huawei during the putative Class Period. Defendants lack knowledge and information sufficient to form a belief as to whether "Seagate's competitors had stopped selling HDDs to Huawei," and on this basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 262.

263. Defendants admit that on March 7, 2022, Seagate's common stock closed at a price of $100.09 per share and on March 8, 2022, Seagate's common stock closed at a price of $90.57 per share. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 263.

264. Defendants admit that Paragraph 264 purports to characterize and quote statements made by Dr. Mosley during the Q4 2022 earnings conference call on July 21, 2022. The statements made in the July 21, 2022 earnings conference call speak for themselves and Defendants refer to the July 21, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the July 21, 2022 earnings conference call. Defendants admit that Seagate stopped selling HDDs to Huawei during the putative Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 264.

265. Defendants admit that on July 21, 2022, Seagate's common stock closed at a price of $83.61 per share and on July 22, 2022, Seagate's common stock closed at a price of $76.83 per share. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 265.

266. Defendants admit that Paragraph 266 purports to characterize portions of Seagate's Form 8-K filed on October 26, 2022. The October 26, 2022 8-K speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Defendants further admit that Paragraph 266 purports to characterize and

DEFENDANTS' AMENDED ANSWER                -97-
CASE NO. 23-cv-03431-RFL

quote statements made by Mr. Romano during the Q1 2023 earnings conference call on October 26, 2022. The statements made during the October 26, 2022 earnings conference call speak for themselves and Defendants refer to the October 26, 2022 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements purportedly made during the October 26, 2022 earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 266.

267. Defendants admit that on October 25, 2022, Seagate's common stock closed at a price of $58.00 per share and on October 26, 2022, Seagate's common stock closed at a price of $53.39 per share. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 267.

268. Defendants admit that Paragraph 268 purports to characterize and quote portions of the BIS Settlement. The BIS Settlement speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context, deny Plaintiffs' emphasis added with bold font and italics, and deny Plaintiffs' characterization of the statements purportedly made in the BIS Settlement. Defendants further admit that Paragraph 268 purports to characterize portions of the BIS Press Release. The BIS Press Release speaks for itself and Defendants refer to it for its complete contents. Defendants deny that Plaintiffs' characterizations are complete or accurate. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 268.

269. Defendants admit that on April 19, 2023, Seagate's common stock closed at a price of $62.86 per share and on April 20, 2023, Seagate's common stock closed at a price of $57.08 per share. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 269.

270. The allegations in Paragraph 270 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that on March 7, 2022, Seagate's common stock closed at a price of $100.09 per share and on April 20, 2023, Seagate's common stock closed at a price of $57.08 per share. Defendants admit that Seagate sold certain

DEFENDANTS' AMENDED ANSWER          -98-
CASE NO. 23-cv-03431-RFL

HDDs to Huawei during the putative Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 270.

271.    The allegations in Paragraph 271 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 271.

272.    Defendants admit that Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired the common stock of Seagate during the putative Class Period, and who were allegedly damaged thereby, excluding Defendants and their immediate families, the officers and directors of the Company at all relevant times, members of their immediate families, and Defendants' legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 272.

273.    The allegations in Paragraph 273 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that throughout the Class Period, Seagate common stock shares were traded on the NASDAQ stock exchange.  Defendants further admit that as of January 23, 2023, Seagate had nearly 206.5 million shares of common stock issued and outstanding.  Defendants lack knowledge and information sufficient to form a belief as to the number of putative class members, and on this basis, deny that allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 273.

274.    The allegations in Paragraph 274 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 274.

275.    The allegations in Paragraph 275 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 275.

276.    The allegations in Paragraph 276 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 276.

277.    The allegations in Paragraph 277 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 277.

278.    Defendants repeat, incorporate, and reallege each and every response contained above and further respond below.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 278.

279.    The allegations in Paragraph 279 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 279.

280.    The allegations in Paragraph 280 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 280.

281.    The allegations in Paragraph 281 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 281.

282.    The allegations in Paragraph 282 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 282.

283.    The allegations in Paragraph 283 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 283.

284.    The allegations in Paragraph 284 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 284 purports to characterize communications between Defendants and investors.  These alleged communications speak for themselves and Defendants refer to them for their complete contents.  Defendants deny

DEFENDANTS' AMENDED ANSWER              -100-
CASE NO. 23-cv-03431-RFL

Plaintiffs' characterization of those alleged communications. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 284.

285.    The allegations in Paragraph 285 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Seagate sold certain HDDs to Huawei during the putative Class Period. Defendants admit that Paragraph 285 purports to characterize portions of Seagate's financial statements for Q1 2021, Q2 2021, Q3 2021, Q4 2021, and Q1 2022. These financial statements speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those financial statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 285.

286.    Defendants admit that Paragraph 286 purports to characterize portions of the Strategic Cooperation Agreement and the Long-Term Agreement. These agreements speak for themselves and Defendants refer to them for their complete contents. Defendants deny Plaintiffs' characterization of those agreements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 286.

287.    The allegations in Paragraph 287 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 287.

288.    The allegations in Paragraph 288 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 289.

290.    The allegations in Paragraph 290 contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 290.

DEFENDANTS' AMENDED ANSWER        -101-
CASE NO. 23-cv-03431-RFL

291. The allegations in Paragraph 291 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 291.

292. The allegations in Paragraph 292 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 292.

293. Defendants repeat, incorporate, and reallege each and every response contained above and further respond below. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 293.

294. The allegations in Paragraph 294 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 294.

295. The allegations in Paragraph 295 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Dr. Mosley and Mr. Romano were Seagate's CEO and CFO, respectively. Defendants further admit that Dr. Mosley and Mr. Romano communicated with investors on earnings calls and at investor conferences on Seagate's behalf. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 295.

296. The allegations in Paragraph 295 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Dr. Mosley and Mr. Romano spoke to investors on behalf of Seagate during the Class Period. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 295.

297. The allegations in Paragraph 297 consist entirely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298. The allegations in Paragraph 298 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Dr. Mosley and Mr. Romano served as the CEO and CFO of Seagate, respectively. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 298.

299.    The allegations in Paragraph 299 consist entirely of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 299.

300.    To the extent any response to Plaintiffs' prayer for relief is required, Defendants deny the allegations therein.

301.    No response to Plaintiffs' jury demand is required.

## AFFIRMATIVE DEFENSES

Defendants affirmatively state the following separate and affirmative defenses to the Complaint, and in doing so, do not assume any burden that is properly imposed on Plaintiffs or members of the putative class.

## First Affirmative Defense

### (Inactionable Opinion and Puffery)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Defendants are immune from liability for statements of opinion and/or puffery.

## Second Affirmative Defense

### (Good Faith)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Defendants acted in good faith.  Defendants also acted in conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a) of the Exchange Act, as amended, there is no liability for any such acts made in good faith.

## Third Affirmative Defense

### (Waiver)

The claims of members of the putative class who purchased Seagate stock despite knowledge of alleged misrepresentations, omissions, or conduct are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

DEFENDANTS' AMENDED ANSWER          -103-
CASE NO. 23-cv-03431-RFL

## Fourth Affirmative Defense

### (Assumption of Risk)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because the risks of investing in Seagate securities were disclosed to Plaintiffs and the market at the relevant times.  Each Plaintiff and putative class member knew or should have known of the risks associated with Seagate's business, and in failing to consider these risks, each Plaintiff and putative class member assumed the risk that such person or entity might be damaged by purchasing or acquiring Seagate securities.

## Fifth Affirmative Defense

### (Class Action Requirements Not Satisfied)

Plaintiffs and members of the putative class may not maintain this action as a class action because the action does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## Sixth Affirmative Defense

### (Truth on the Market)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because many of the matters now claimed by the Complaint to be the subject of misrepresentations, omissions, or allegedly wrongful conduct were publicly disclosed or were in the public domain at the relevant times and, as such, were available to Plaintiffs and the putative class and were at the relevant times reflected in the price of Seagate's securities.

## Seventh Affirmative Defense

### (Knowledge)

If any false or misleading statement was made, if any material fact required to be stated or necessary to make any statement not misleading was omitted, or if any allegedly wrongful conduct was committed, which Defendants deny, then the claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and members of the putative class were aware of the misstatement, omission, or conduct and/or did not rely upon those in purchasing Seagate's securities.

DEFENDANTS' AMENDED ANSWER          -104-
CASE NO. 23-cv-03431-RFL

## **Eighth Affirmative Defense**

(No Reliance)

In deciding to acquire Seagate securities, Plaintiffs and some or all of the members of the putative class did not rely on any of the statements, omissions, or conduct alleged in the Complaint to be false or misleading, and would have acquired Seagate common stock even if, at the time they acquired Seagate common stock, they knew of the allegedly untrue statements of material fact, alleged omissions of material fact, or allegedly misleading statements, or other allegedly wrongful conduct upon which Defendants' liability purportedly rests.

## **Ninth Affirmative Defense**

(No Control Person Liability)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because each and every individual Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## **Tenth Affirmative Defense**

(Negative Causation)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because neither the Defendants nor the alleged misrepresentations, omissions, or conduct were the cause of alleged injury, loss, or damages suffered by Plaintiffs or the putative class. All or a portion of the damages alleged by Plaintiffs and the putative class are attributable to causes other than any actions or omissions for which Defendants allegedly are responsible. Any increase or decrease in the value of Seagate's common stock was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

## **Eleventh Affirmative Defense**

(Speculative Damages)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages.

DEFENDANTS' AMENDED ANSWER          -105-
CASE NO. 23-cv-03431-RFL

## Twelfth Affirmative Defense

### (Damages Limitation)

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class based on alleged violation of the Exchange Act is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

## Thirteenth Affirmative Defense

### (Offset of Damages)

Any recovery for damages allegedly incurred by Plaintiffs and members of the putative class, if any, is subject to offset in the amount of any benefits, including the amount of any tax benefits, actually received by Plaintiffs or members of the putative class through their investments.

## Fourteenth Affirmative Defense

### (Unjust Enrichment)

Plaintiffs and the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## Fifteenth Affirmative Defense

### (Mitigation)

Plaintiffs and the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## Sixteenth Affirmative Defense

### (Apportionment)

Any recovery for damages allegedly incurred by Plaintiffs and members of the putative class, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiffs and members of the putative class, pursuant to the proportionate liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

DEFENDANTS' AMENDED ANSWER          -106-
CASE NO. 23-cv-03431-RFL

**Seventeenth Affirmative Defense**

(Contribution)

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any, should Plaintiffs receive judgment against Defendants.

**Eighteenth Affirmative Defense**

(Statutory Safe Harbor/Bespeaks Caution)

To the extent that the claims asserted by Plaintiffs and members of the putative class are based on any predictions or forward-looking statements or omissions, such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

**Nineteenth Affirmative Defense**

(Undiscovered Defenses)

Defendants reserve the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1.    That judgment be entered in favor of Defendants;

2.    That Plaintiffs and the putative class take nothing from Defendants by the Complaint, and that the Complaint be dismissed with prejudice;

3.    For costs, attorneys' fees, and expert witness fees incurred by Defendants in connection with this action; and

4.    For such other relief as the Court deems just and proper.

DEFENDANTS' AMENDED ANSWER          -107-
CASE NO. 23-cv-03431-RFL

Dated: ~~June 23~~July 14, 2025                    Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    */s/ Stephen B. Strain*
       Caz Hashemi, State Bar No. 210239
       Stephen B. Strain, State Bar No. 210239
       650 Page Mill Road
       Palo Alto, CA 94304-1050
       Telephone: (650) 493-9300
       Facsimile: (650) 565-5100
       Email:    chashemi@wsgr.com
                 sstrain@wsgr.com

       John I. Karin (*pro hac vice*)
       1301 Avenue of the Americas, 40th Floor
       New York, NY 10019
       Telephone: (212) 999-5800
       Facsimile: (866) 974-7329
       Email:    jkarin@wsgr.com

       *Attorneys for Defendants*
       *Seagate Technology Holdings plc,*
       *William D. Mosley, and Gianluca Romano*

DEFENDANTS' AMENDED ANSWER                    -108-
CASE NO. 23-cv-03431-RFL