CAZ HASHEMI, State Bar No. 210239
STEPHEN B. STRAIN, State Bar No. 291572
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: chashemi@wsgr.com
        sstrain@wsgr.com

JOHN I. KARIN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com

*Attorneys for Defendants*
*Seagate Technology Holdings plc,*
*William D. Mosley, and Gianluca Romano*

*[Additional counsel included on signatory page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Seagate Technology Holdings plc Securities Litigation* | ) ) ) ) ) ) ) ) ) | Case No. 3:23-cv-03431-RFL<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

1

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have met and conferred regarding their preservation obligations. The parties reserve their rights to request to meet and confer in the future about the parties' preservation obligations or the sufficiency of another party's preservation, as well as to raise any disputes over the sufficiency of preservation before the Court.

## 5. SEARCH

a) The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b) A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across and within custodians based on hash value at a family level. The ALL CUSTODIAN field will list each custodian,

separated by a semicolon.  Should the ALL CUSTODIAN metadata field produced become outdated due to rolling productions, an overlay file providing all the custodians for the affected documents will be produced as part of the substantial completion of the document production.

c) A party need not produce lesser-included emails without unique attachments (*i.e.*, a party may employ email threading). If a party excludes such emails from its production, that party will provide an autogenerated name normalization metadata field. This field will extract the names of any thread participants who might not otherwise have been captured in the ultimate last-in-time email for which the other metadata was extracted.

d) Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.  Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, and Windows System File.

**6. PRODUCTION FORMATS**

a) The parties agree to produce documents in a format consistent with the parameters articulated in Schedule A hereto.  If particular documents warrant a different format,

the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties agree not to degrade the searchability of documents as part of the document production process.

b) The parties agree that if any part of an email or its attachments is responsive, the entire email and attachments will be produced, except any information that must be withheld or redacted on the basis of privilege.  The attachments will be produced sequentially after the parent email.

c) Compressed file types (e.g., .ZIP, .RAR, .Z) should be decompressed so that the lowest level document or file is extracted.

d) Notwithstanding anything else herein, documents produced in another matter may be re-produced in the format in which they were produced in such other matter.

e) Any party that serves a subpoena on a third party will include with such subpoena copies of this Order and the Stipulated Protective Order. Any party that receives responses and objections from, or documents produced by, a third party in response to a subpoena will provide all other parties with a copy of the responses and objections or produced documents within five business days of receipt of the responses and objections or produced documents.

**7. PHASING**

a) When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer regarding the phasing and prioritization of productions. The parties agree to produce documents on a rolling basis prior to any dates for substantial completion.

b) The parties will continue to meet and confer regarding which custodians will be the key custodians whose documents the parties must produce by the September 26, 2025 deadline in the Court's June 25, 2025, order (Dkt. No. 132).

c) The parties will continue to meet and confer regarding which categories of documents must be produced by the November 14, 2025 deadline in the Court's June 25, 2025,

order (Dkt. No. 132) for substantial completion of rolling document production on class certification issues. *See also* Hr'g Tr., dated June 25, 2025, at 8:6-10 ("It seems to [the Court] that there would be a lot of overlap between [class certification and the merits of the case], and so it would be hard to imagine you all being able to effectively brief predominance, or really predominance, without having most of the materials you need for the merits anyway.").

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a)  Section 11 of the Stipulated Protective Order will govern the inadvertent production of privileged materials.

b)  Documents involving trial counsel that post-date the filing of the complaint on July 10, 2023 (*see* Dkt. No. 1) need not be placed on a privilege log. An entry on a privilege log will contain the following fields that may be auto-populated from metadata: entry number, date, custodian, sender or author, recipients, and subject or file name. An entry on a privilege log will also include the privilege basis and privilege description. A party shall identify which individuals on each privilege log are attorneys. If there is no attorney listed as the sender / author or recipient(s) of a document on the privilege log, the name of the attorney(s), privilege actor, law firm, or legal department whose advice is being sought, provided, or reflected, or whose work product is included shall be identified.

c)  By default: (i) documents may be placed at the family level on a privilege log (*i.e.*, an email and its attachments may be described collectively in one entry), but if an email is privileged, the entry must include a description sufficient to explain why the privilege applies to the attachments); (ii) only documents withheld as privileged must be placed on a privilege log (*i.e.*, documents redacted as privileged need not be placed on a privilege log, except that parties must state the basis for each redaction, either in the redaction box or in a separate redaction log); and (iii) documents may not be identified on a privilege log by category. The parties agree that each party may

request additional information (such as the identity of authors, recipients, and subject matter) for specific redactions where warranted, and to meet and confer to the extent that specific documents or categories of documents warrant different treatment. The parties also reserve their rights to move for an order requiring that specific documents or categories of documents be treated differently if the parties are unable to agree after meeting and conferring.

d) The deadline to exchange initial privilege logs is October 17, 2025, as set forth in the Court's June 25, 2025 order (Dkt. No. 132), and the deadline to exchange privilege logs for all other documents on the class certification issues referenced in paragraph 7(c) above is December 23, 2025.

## 9. MODIFICATIONS OR LIMITATIONS TO THE DISCOVERY RULES

a) *Authenticity Presumptions*.  Documents produced by Defendants and Lead Plaintiffs in response to document requests in this action shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. If a Party serves a specific good-faith written objection to the authenticity of a document that it did not produce from its files, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits. The parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b) *Expert discovery*.  The parties agree that expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein.  The following documents, information, or materials are "protected from disclosure" and neither party is required to preserve, disclose (including in expert deposition testimony), or place on a privilege log the following documents, information, or materials, except to the extent that the expert relied on such documents, information, or materials in forming the opinions to be expressed: (i) any form of

communication or work product shared between any of the parties' in-house or outside litigation counsel and such party's expert(s) or consultant(s), or between any of such party's experts or consultants themselves; (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) expert's notes; or (iv) drafts of expert reports, analyses, or other work product. The parties shall disclose the following materials in connection with all expert reports: (a) a list by Bates number of all documents relied upon by the testifying expert(s); (b) copies of any materials relied upon by the expert not previously produced; and (c) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

**10. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

1     **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

2                                                Respectfully submitted,

3     Dated:  September 3, 2025          **WILSON SONSINI GOODRICH & ROSATI**
                                         **Professional Corporation**
4

5                                  By:    _/s/ Stephen B. Strain_
                                         Caz Hashemi, State Bar No. 210239
6                                        Stephen B. Strain, State Bar No. 210239
                                         650 Page Mill Road
7                                        Palo Alto, CA 94304-1050
                                         Telephone: (650) 493-9300
8                                        Facsimile: (650) 565-5100
                                         Email: chashemi@wsgr.com
9                                                  sstrain@wsgr.com

10

11                                       John I. Karin (pro hac vice)
                                         1301 Avenue of the Americas, 40th Floor
12                                       New York, NY 10019
                                         Telephone: (212) 999-5800
13                                       Facsimile: (866) 974-7329
                                         Email: jkarin@wsgr.com
14

15                                       _Attorneys for Defendants_
                                         _Seagate Technology Holdings plc,_
16                                       _William D. Mosley, and Gianluca Romano_

17

18

19

20

21

22

23

24

25

26

27

28

1

Dated:    September 3, 2025

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

2

3

By:    */s/ Salvatore Graziano*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, California 90067
Tel: (310) 819-3470

4

5

6

7

*-and-*

Salvatore Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Hannah Ross (admitted *pro hac vice*)
(hannah@blbglaw.com)
James A. Harrod (admitted *pro hac vice*)
(jim.harrod@blbglaw.com)
Jorge Tenreiro (admitted *pro hac vice*)
(jorge.tenreiro@blbglaw.com)
Aasiya Farah Mirza Glover (admitted *pro hac vice*)
(aasiya.glover@blbglaw.com)
Sarah Schmidt (admitted *pro hac vice*)
(sarah.schmidt@blbglaw.com)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

8

9

10

11

12

13

14

15

16

*Co-Lead Counsel for Co-Lead Plaintiffs Public
Employees' Retirement System of Mississippi and
Arkansas Public Employees' Retirement System, and
the Class*

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated:    September 3, 2025              **MOTLEY RICE LLC**

2                                      By:   */s/ Christopher F. Moriarty*
                                            Gregg S. Levin (admitted *pro hac vice*)
3                                           Lance V. Oliver (admitted *pro hac vice*)
                                            William S. Norton (admitted *pro hac vice*)
4                                           Joshua C. Littlejohn (admitted *pro hac vice*)
                                            Christopher F. Moriarty (admitted *pro hac vice*)
5                                           Andrew P. Arnold (admitted *pro hac vice*)
                                            Cameran M. Gilliam (admitted *pro hac vice*)
6                                           28 Bridgeside Blvd.
                                            Mt. Pleasant, SC 29464
7                                           Telephone: (843) 216-9000
                                            Facsimile: (843) 216-9450
8                                           glevin@motleyrice.com
                                            loliver@motleyrice.com
9                                           bnorton@motleyrice.com
                                            jlittlejohn@motleyrice.com
10                                          cmoriarty@motleyrice.com
                                            aarnold@motleyrice.com
11                                          cgilliam@motleyrice.com

12                                          *Co-Lead Counsel for Co-Lead Plaintiffs Universal-*
                                            *Investment-Gesellschaft mbH, Universal-Investment-*
13                                          *Luxembourg S.A., and UI BVK*
                                            *Kapitalverwaltungsgesellschaft mbH, and the Class*

14                                          **BLEICHMAR FONTI & AULD LLP**
15                                          Lesley E. Weaver (SBN 191305)
                                            1330 Broadway, Suite 630
16                                          Oakland, California 94612
                                            Telephone: (415) 445-4003
17                                          Facsimile: (415) 445-4020
                                            lweaver@bfalaw.com

18                                          *Local Counsel for Co-Lead Plaintiff Universal-*
19                                          *Investment-Gesellschaft mbH, Universal-Investment-*
                                            *Luxembourg S.A., and UI BVK*
20                                          *Kapitalverwaltungsgesellschaft mbH*

21                                          **DAVIDSON BOWIE, PLLC**
                                            John L. Davidson (*pro hac vice*)
22                                          1062 Highland Colony Parkway 200 Concourse
                                            Suite 275
23                                          Ridgeland, MS 39157
                                            Telephone: (601) 932-0028
24                                          jdavidson@dbslawfirm.net

25                                          *Additional Counsel for Co-Lead Plaintiffs Public*
                                            *Employees' Retirement System of Mississippi*

26

27

28

1          **ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

2          I, Stephen B. Strain, am the ECF user whose ID and password are being used to file this

3    Stipulated Order re: Discovery of Electronically Stored Information.  In compliance with Civil

4    Local Rule 5-1(i)(3), I hereby attest that each of the other signatories above have concurred in

5    this filing.

6

7    Dated:  September 3, 2025                    _/s/ Stephen B. Strain_
                                                  Stephen B. Strain
8

9

10   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

11

     DATED: _September 4, 2025
12                                               RITA F. LIN
                                                 United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULE A**
**PRODUCTION FORMAT AND METADATA**

1. **Production Components.** Productions shall include single page TIFFs, native files only where required (*see* Paragraph 9 below), Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv), and an image load file that can be loaded into commercially acceptable production software (*e.g.*, Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK (blank), BOX BREAK (blank), PAGE COUNT.

3. **Metadata Fields and Metadata File.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, REDACTED, and CUSTODIAN. The parties will meet and confer regarding metadata fields to be produced for non-email and loose document files. The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)
- Multi-value delimiter - ; (ASCII Code 059)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |

| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated |
|---|---|
| ALL CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATE SENT | Date email was sent (format: MM/DD/YYYY) |
| TIME SENT | Time email was sent (format: HH:MM) |
| DATE RECEIVED | Date email was received (format: MM/DD/YYYY) |
| TIME RECEIVED | Time email was received (format: HH:MM) |
| DATE MODIFIED | Date email was modified (format: MM/DD/YYYY) |
| TIME MODIFIED | Time email was modified (format: HH:MM) |
| DATE CREATED | Date email was created (format: MM/DD/YYYY) |
| TIME CREATED | Time email was created (format: HH:MM) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| LASTEDITEDBY | The name of the last person to edit the document from extracted metadata (to the extent such information exists). |
| CONVERSATION INDEX | ID used to tie together e-mail threads |
| TEXT/CHAT TYPE | Indicates the type of text or chat (e.g.: SMS, MMS, Teams, Slack, Etc.) |
| CONFIDENTIAL DESIGNATION | Confidentiality designation assigned to document |
| PARTICIPANTS | Indicates the participants (either by name or phone number) of a text/chat |

| EMAIL PARTICIPANTS | List of participants in lesser included emails on chain (*i.e.*, name normalization) |
|---|---|
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATE/TIMEMOD | Date and time an electronic document was last modified or created (format: MM/DD/YYYY; HH:MM) (Edoc or attachment) |
| DATE/TIMECREATED | Date and time the document was created (format: MM/DD/YYYY; HH:MM) (Edoc or attachment) |
| FILESIZE | Size (in bytes) of an electronic document (Edoc or attachment) |
| FILEEXTENSION | Suffix to a filename that indicates the file format of its content (Edoc or attachment) |
| HASH VALUE | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| ORIGINAL FOLDER PATH | Original location of the file |
| NATIVELINK | Native File Link (Native Files only) |
| TEXTLINK | Link to text files |
| REDACTED | If a document contains a redaction, this field will display "Yes" |

**4. TIFFs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (*i.e.*, portrait to portrait and landscape to landscape). To the extent reasonably feasible, TIFF/JPG shall show all text and images that would be visible to a user of the original documents.  TIFFs may be produced in black-and-white.

**5. Text Files.** A single multi-page text file shall be provided for each document, and the filename should match the BEGBATES value of the document. A commercially acceptable

technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When available, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. All documents shall be produced with a link to their corresponding text file in the TextLink field.

**6.  Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

**7.  Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

**8.  Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Stipulated Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file or on the TIFF placeholder.

**9.  Native File Productions.** Spreadsheets (*e.g.*, MS Excel, Google Sheets) and delimited text files (*e.g.* comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel. TIFF images of native or MS Excel documents need not be produced. For all documents produced in native or MS Excel format, a TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a native or MS Excel has been redacted, the file may be produced as a native or MS Excel with redactions or with TIFF/JPG images and OCR text of the redacted

document. Audio/Video, PowerPoint, and Database files (*e.g.*, MS Access, MDB, etc.) shall be produced natively.

**10. Production Media.** Documents shall be encrypted and produced via secured FTP, on external hard drives, readily accessible computer(s), or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (*e.g.*, "VOL001," "VOL002"). Each piece of Production Media shall be accompanied by a production letter identifying (1) the production date, and (2) the Bates Number range of the materials contained on the Production Media.