Caz Hashemi, State Bar No. 210239
Stephen B. Strain, State Bar No. 291572
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Facsimile:  (866) 974-7329
Email:      chashemi@wsgr.com
            sstrain@wsgr.com

John I. Karin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street
Fifth Floor
New York, NY 10019
Telephone:  (212) 999-5800
Facsimile:  (866) 974-7329
Email:      jkarin@wsgr.com

*Attorneys for Defendants*
*Seagate Technology Holdings plc,*
*William D. Mosley, and Gianluca Romano*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Seagate Technology Holdings plc, Securities Litigation* ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:23-cv-03431-RFL **DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF No. 159)** Honorable Rita F. Lin |

DEFS.' STATEMENT ISO SEALING
CASE NO. 3:23-CV-03431-RFL

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Seagate Technology Holdings plc, William D. Mosley, and Gianluca Romano (collectively, "Defendants"), respectfully submit this Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal") (ECF No. 159).  Defendants respectfully request that the Court enter an order sealing the documents subject to the Motion to Seal as described in the table in the Declaration of Ed Friedler submitted herewith.

## I.    LEGAL STANDARD

A party that supports sealing of documents in connection with a non-dispositive motion need only demonstrate good cause to do so.  *See Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 766 (N.D. Cal. 2019).  Courts in this district have found class certification motions to be "not dispositive, and thus apply the 'good cause' standard."  *Miller v. Travel Guard Grp., Inc.*, 2024 WL 5340803, at *1 (N.D. Cal. Feb. 26, 2024), *appeal docketed*, No. 25-275 (9th Cir. Jan. 15, 2025).  However, courts in this district have also held that instead of the good cause standard, "the [higher] compelling reasons standard controls sealing requests made in connection with a motion for class certification" where the motion is "'more than tangentially related to the merits of a case.'"  *Zakinov v. Ripple Labs, Inc.*, 2023 WL 5280193, at *1 (N.D. Cal. Aug. 15, 2023) (citation omitted).

Here, whether the Court finds that the good cause or compelling reasons standard applies to the Motion to Seal, Defendants meet either standard.

## II.    ARGUMENT

### A.    The Court Should Protect Seagate's Customers' Confidential Information.

The Court should redact Exhibits BB, CC, II, N, and PP because these Exhibits contain information about Seagate's customers' purchases, which could harm Seagate's and its customers' competitive position if made publicly available.  These Exhibits detail confidential information such as specific customers' purchases, notable types and quantities of products that Seagate sold to these customers, customer satisfaction with Seagate sales, and Seagate's estimates of the total addressable market for these customers, all of which may harm Seagate and its customers if disclosed to their competitors.  *See* Friedler Decl. ¶ 3; *Applied Materials, Inc. v.*

*Demaray LLC*, 2023 WL 4409106, at *1 (N.D. Cal. July 7, 2023) (where "much of the information sought to be sealed consists of confidential product information or constitutes sensitive information about customer relationships[,]" "[t]here are compelling reasons to seal such information because its public release may harm the competitive standing of the parties and third parties who provided the information"); *Rako v. VMware LLC*, 2026 WL 296452, at *2 (N.D. Cal. Feb. 4, 2026) ("'business practices, such as product rates and purchase requirements' meet the compelling reasons standard for sealing, particularly when that information is associated with identified customers") (citation omitted).

Should Seagate's customer information be revealed, this not only would harm its customers' competitive standing, but also may in turn harm Seagate's relationships with its customers.  *See Roley v. Google LLC*, 2020 WL 13517498, at *2 (N.D. Cal. Apr. 28, 2020) (finding compelling reasons to seal where defendant argued that "revealing Google's pricing metrics and tools [would] undermin[e] its relationship with its users and customers, and ultimately caus[e] significant financial and competitive harm") (citation omitted); *Impossible Foods Inc. v. Impossible X LLC*, 2025 WL 2671018, at *2 (N.D. Cal. Sept. 17, 2025) (finding compelling reasons to seal where defendant argued that "public disclosure of [financial information and identifiable information of third parties] could cause harm to [defendant]'s competitive position, including by revealing information that could 'interfere with [defendant]'s ability to form commercial relationships'").

**B.     The Court Should Protect Seagate's Suppliers' Information.**

The Court should redact Exhibits EE, FF, OO, and Z because these Exhibits contain confidential business information about Seagate's suppliers, including how their products are used in Seagate's supply chain.  The disclosure of this information could aid Seagate's or its suppliers' competitors by providing insights into the suppliers' business strategy and Seagate's supply chain.  Additionally, the disclosure of this detailed information may harm Seagate's relationships with its suppliers, as its suppliers rely on Seagate to keep their information confidential.  *See* Friedler Decl. ¶ 3; *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014) (granting motion to seal "confidential information

regarding [a company's] component suppliers"); *Applied Materials*, 2023 WL 4409106, at \*1; *Google*, 2020 WL 13517498, at \*2; *Impossible*, 2025 WL 2671018, at \*2.

### C.    The Court Should Protect Seagate's Former Employee's Information.

The Court should redact Exhibit MM because it reflects private information pertaining to a former employee's separation from Seagate as part of a reduction in force and such information is not relevant to this case.  *See* Friedler Decl. ¶ 5; *Doyle v. Galderma, Inc.*, 2021 WL 4926999, at \*1 (N.D. Cal. Apr. 27, 2021) (sealing sensitive information regarding third-party employee because "the public's interest in accessing this document is outweighed by the privacy interests of the third-party employee").

### D.    The Court Should Protect Information Regarding Seagate's Product Testing.

The Court should redact Exhibit CC because it contains internal Seagate product testing specifications.  Seagate's competitors could use this information to improve their own products at Seagate's expense.  *See* Friedler Decl. ¶ 4.  Courts within the Ninth Circuit commonly grant sealing requests to protect this type of information.  *See, e.g.*, *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at \*2-3 (N.D. Cal. Mar. 22, 2022) (sealing information that relates to product development and testing protocols); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at \*2 (N.D. Cal. Mar. 14, 2012) (sealing documents regarding "confidential product testing and evaluation process").

### E.    Defendants' Particularized Showing of Harm Supports Sealing.

Defendants have narrowly tailored their sealing requests, seeking to seal only the specific portions implicating the confidentiality interests identified above.  This is the least restrictive means of protecting Seagate's and its business partners' confidentiality interests because there is no other way to prevent competitors from, for example, gaining valuable business insights by identifying Seagate's business partners or free-riding from Seagate's investments in product testing.  Defendants do not seek to seal any documents in full, and the limited redactions do not obstruct the public's understanding of any key issues in this litigation.  *See* Friedler Decl. ¶ 6.

**IV.    CONCLUSION**

Defendants' legitimate interests warrant sealing and satisfy both the good cause compelling reasons standards.  This request is narrowly tailored to seal only information that is regarded as confidential and the public disclosure of which may harm Seagate and its business partners.  Accordingly, Defendants request that the Court grant Plaintiffs' Motion to Seal as described in the table in the Friedler Declaration.

DATED:  March 31, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ John I. Karin*
Caz Hashemi, State Bar No. 210239
Stephen B. Strain, State Bar No. 291572
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email:    chashemi@wsgr.com
             sstrain@wsgr.com

John I. Karin (*pro hac vice*)
31 West 52nd Street
Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email:    jkarin@wsgr.com

*Attorneys for Defendants*
*Seagate Technology Holdings plc,*
*William D. Mosley, and Gianluca Romano*